**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**ISABELLE ZIMMERLY GARCIA,**
5532 Meadow Lane
Mariposa, CA 95338

Plaintiff,

v.

**ELI LILLY AND COMPANY,**
Lilly Corporate Center
Indianapolis, IN 46285
w/s/o NATIONAL REGISTERED AGENTS, INC.
1090 Vermont Avenue, NW, #910
Washington, DC 20005

and

**ABBOTT LABORATORIES, INC.**
100 Abbott Park Road
Abbott Park, IL 60064
w/s/o CT Corporation System
1025 Vermont Avenue, N.W
Washington, DC 20005

and

**AVENTIS PHARMACEUTICALS, INC.**
as successor to William H. Rorer, Inc.
55 Corporate Drive
Bridgewater, NJ 08807

and

**BRISTOL-MYERS SQUIBB COMPANY**
as successor to E.R. Squibb & Sons, Inc.
P.O. Box 4500
Princeton, NJ 08543
w/s/o CT Corporation System
1025 Vermont Avenue, N.W.
Washington, DC 20005

**Civil Action No.** ______________

**DEFENDANT ELI LILLY AND COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION**

and )
)
**DART INDUSTRIES, INC.** )
as successor to Rexall Drug Company, Inc. )
w/s/o Sheila Ann Marie Moeller, Esq. )
Gilbride, Tusa, Last & Spellane )
31 Brookside Drive )
Greenwich, CT 06830 )
)
and )
)
**ELAN PHARMACEUTICALS, INC.** )
as successor to Carnrick Labs, Inc. )
w/s/o National Registered Agents )
160 Greentree Drive, Suite 101 )
Dover, DE 19904 )
)
and )
)
**GLAXOSMITHKLINE** )
A successor of S.E. MASSENGILL CO. )
1500 K Street, N.W. )
Washington, D.C. 20036 )
)
and )
)
**KREMERS-URBAN COMPANY,** )
w/s/o Jackson & Campbell, P.C. )
1120 20th Street N.W., Suite 300-South )
Washington, DC 20036 )
)
and )
)
**MALLINCKRODT, INC.** )
675 McDonnell Boulevard )
Saint Louis, MO 63042 )
)
and )
)
**MERCK & CO., INC.** )
P.O. Box 4 )
West Point, PA 19486 )
w/s/o CT Corporation System )
1025 Vermont Avenue, N.W. )
Washington DC 20005 )
)

and )
)
**ORTHO-MCNEIL PHARMACEUTICALS** )
as successor to McNeil Lab, Inc. )
1000 U.S. Highway 202 )
Raritan, NJ 08869 )
)
and )
)
**PERSON & COVEY, INC.** )
616 Allen Avenue )
Glendale, CA 91221 )
)
and )
)
**PREMO PHARMACEUTICAL** )
**LABORATORIES, INC.** )
w/s/o Corporation Trust Co. )
820 Bear Tavern Road )
West Trenton, NJ 08628 )
)
and )
)
**PHARMACIA AND UPJOHN COMPANY** )
100 Route 206 North )
Peapack, NJ 07977 )
w/s/o CT Corporation )
1025 Vermont Avenue, N.W. )
Washington, DC 20005 )
)
**Defendants.** )

**DEFENDANT ELI LILLY AND COMPANY'S**
**<u>NOTICE OF REMOVAL OF CIVIL ACTION</u>**

Defendant Eli Lilly and Company ("Lilly"), pursuant to 28 U.S.C. §§ 1441 and 1446, notices the removal of this action from the Superior Court of the District of Columbia, Civil Division, to this Court. The grounds for removal are as follows:

## INTRODUCTION

1. On February 23, 2009, plaintiff filed this case against Lilly, Abbott Laboratories, Inc, Aventis Pharmaceuticals, Inc., f/k/a Rhone-Poulenc Rorer Pharmaceuticals, Inc., a successor

in interest to William H. Rorer, Inc., ("Aventis"), Bristol-Myers Squibb Company, Dart Industries, Inc., Elan Pharmaceuticals, Inc., GlaxoSmithKline ("GSK"), Kremers-Urban Co., Mallinckrodt Inc., Merck & Co., Inc., Ortho-McNeil Pharmaceuticals, Person & Covey, Inc.,[1] Premo Pharmaceutical Laboratories, Inc., and Pharmacia and Upjohn Company. The action is styled as *Isabelle Z. Garcia v. Eli Lilly and Company, et al.*, Civil Action No. 2009 CA 001113 B, in the Superior Court of the District of Columbia, Civil Division. In her Complaint, plaintiff alleges that her *in utero* exposure to diethylstilbestrol ("DES") caused uterine and cervical malformations, with resultant infertility and that she incurred medical expenses for care and treatment, suffered physical and mental pain, and was deprived of the family that she desired. *See* Complaint at ¶ 6.

2. Pursuant to 28 U.S.C. § 1446(a), Lilly has attached "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" as **Exhibit A**.

## NOTICE OF REMOVAL IS TIMELY

3. The case stated by the initial pleading was not removable because defendant Person & Covey, Inc. and plaintiff were citizens of California. The case first became removable on April 29, 2009, after the D.C. Superior Court issued an order dismissing Person & Covey, Inc. *See* **Exhibit B** (D.C. Superior Court docket entry regarding an Order dated April 29, 2009, dismissing Person & Covey, Inc., pursuant to D.C. Superior Court Rule 4(m)). Further, the filing of this Notice is within the one year time period set forth in 28 U.S.C. § 1446(b).[2] Accordingly, this Notice of Removal is timely.

[1] Person & Covey, Inc. was dismissed from this action on April 29, 2009. *See* **Exhibit B**.
[2] As stated above, plaintiff commenced this action on February 23, 2009. Thus, the one year period does not expire until February 23, 2010.

**DIVERSITY JURISDICTION EXISTS**

4. This Court has original jurisdiction over this action under 28 U.S.C. § 1332. This case may be removed pursuant to 28 U.S.C. § 1441 because, as is explained in full below, this case is a civil action that involves a controversy between citizens of different states and in which the amount in controversy, exclusive of interest and costs, exceeds $75,000. This action is being removed to the District Court for the district where the action is pending.

5. Title 28 U.S.C. § 1441(b) states that suits that do not arise under federal law are removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." Plaintiff filed this action in the Superior Court of the District of Columbia. No defendant in this action is a citizen of the District of Columbia.

6. Upon information and belief, plaintiff is a citizen of California. *See* caption of plaintiff's Complaint, listing plaintiff's residence in Mariposa, California.

7. Lilly is a corporation organized under the laws of the State of Indiana, and Lilly's principal place of business is located in Indiana. Pursuant to 28 U.S.C. § 1332(c)(1), Lilly is a citizen of Indiana.

8. Abbott is a corporation organized under the laws of the State of Illinois with its principal place of business located in Illinois. Pursuant to 28 U.S.C. § 1332(c)(1), Abbott is a citizen of Illinois. Abbott has consented to removal. See Abbott Consent to Removal attached hereto as **Exhibit C**.

9. Aventis is a foreign corporation, and Aventis's principal place of business is located in New Jersey. Pursuant to 28 U.S.C. § 1332(c)(1), Aventis is a citizen of New Jersey. Aventis has consented to removal. See Aventis Consent to Removal, attached hereto as **Exhibit D**.

10. Squibb is a corporation organized under the laws of the State of Delaware with its principal place of business located in New York. Pursuant to 28 U.S.C. § 1332(c)(1), Squibb is a citizen of Delaware and New York. Squibb has consented to removal. See Squibb Consent to Removal attached hereto as **Exhibit E**. On May 27, 2009, the plaintiff and Squibb filed a stipulation dismissing plaintiff's claims as to Squibb only. See **Exhibit F**.

11. Dart is a corporation organized under the laws of the State of Delaware with its principal place of business located in Florida. Pursuant to 28 U.S.C. § 1332(c)(1), Dart is a citizen of Delaware and Florida. Dart has consented to removal. See Dart Consent to Removal attached hereto as **Exhibit G**.

12. Elan is a corporation organized under the laws of the State of Delaware with its principal place of business located in Pennsylvania. Pursuant to 28 U.S.C. § 1332(c)(1), Elan is a citizen of Delaware and Pennsylvania. Elan has consented to removal. See Elan Consent to Removal attached hereto as **Exhibit H**.

13. GSK is a corporation organized under the laws of the State of Pennsylvania with a principal place of business located in Pennsylvania. Pursuant to 28 U.S.C. § 1332(c)(1), GSK is a citizen of Pennsylvania. GSK has consented to removal. See GSK Consent to Removal attached hereto as **Exhibit I**.

14. Kremers-Urban is a corporation organized under the laws of the State of Wisconsin, and Kremers-Urban's principal place of business is located in Wisconsin. Pursuant to 28 U.S.C. § 1332(c)(1), Kremers-Urban is a citizen of Wisconsin. Kremers-Urban has consented to removal. See Kremers-Urban Consent to Removal attached hereto as **Exhibit J**.

15. Mallinckrodt is a corporation organized under the laws of the State of Delaware with its principal place of business located in Missouri. Pursuant to 28 U.S.C. § 1332(c)(1), Mallinckrodt is a citizen of Delaware and Missouri. Mallinckrodt has consented to removal. See Mallinckrodt Consent to Removal attached hereto as **Exhibit K**.

16. Merck is a corporation organized under the laws of the State of New Jersey with its principal place of business located in New Jersey. Pursuant to 28 U.S.C. § 1332(c)(1), Merck is a citizen of New Jersey. Merck has consented to removal. See Merck Consent to Removal attached hereto as **Exhibit L**.

17. Ortho is a corporation organized under the laws of the State of Delaware with its principal place of business located in New Jersey. Pursuant to 28 U.S.C. § 1332(c)(1), Ortho is a citizen of Delaware and New Jersey. Ortho has consented to removal. See Ortho Consent to Removal attached hereto as **Exhibit M**.

18. Premo is a corporation organized under the laws of the State of New Jersey with its principal place of business located in New Jersey. Pursuant to 28 U.S.C. § 1332(c)(1), Premo is a citizen of New Jersey. Premo has consented to removal. See Premo Consent to Removal attached hereto as **Exhibit N**.

19. Upjohn is a corporation organized under the laws of the State of Delaware with its principal place of business located in Michigan. Pursuant to 28 U.S.C. § 1332(c)(1), Upjohn is a citizen of Delaware and Michigan. Upjohn has consented to removal. See Upjohn's Consent to Removal attached hereto as **Exhibit O**.

20. Pursuant to 28 U.S.C. § 1332, complete diversity of citizenship exists.

## AMOUNT IN CONTROVERSY

21. In her Complaint, plaintiff seeks a total of $2,000,000 in compensatory damages. *See* Complaint, p. 8. Based on the damages sought by plaintiff, the amount in controversy, exclusive of interest and costs, exceeds $75,000.

## REMOVAL TO THIS DISTRICT

22. Removal venue exists in the United States District Court for the District of Columbia because the Superior Court of the District of Columbia, Civil Division, is within the District of the District of Columbia.

23. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on the attorney for plaintiff, and a copy of this Notice will be promptly filed with the Clerk of the Superior Court of the District of Columbia, Civil Division. A copy of the Notice of Filing of Removal to Federal Court is attached hereto as **Exhibit P**.

24. As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000 and because the action is between citizens of different states.

25. Lilly reserves all defenses including, without limitation, the defense of lack of personal jurisdiction.

26. Lilly reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Lilly gives notice that the matter styled *Isabelle Z. Garcia v. Eli Lilly and Company, et al.*, Civil Action No. 2009 CA 001113 B, in the Superior Court of the

District of Columbia, Civil Division, is removed to the United States District Court for the District of Columbia, and Lilly requests that this Court retain jurisdiction for all further proceedings.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Ericka L. Downie, D.C. Bar No. 979666
SHOOK, HARDY & BACON L.L.P
1155 F Street, N.W., Suite 200
Washington, DC 20004
Phone: (202) 783-8400
Fax: (202) 783-4211

**ATTORNEYS FOR DEFENDANT**
**ELI LILLY AND COMPANY**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of May, 2009, a true and accurate copy of the foregoing has been furnished by U.S. Mail, postage prepaid, to counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Jennifer Gardner Levy
Kirkland & Ellis
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005
**Attorneys for Abbott Laboratories**

Eric I. Goldberg
Goodwin & Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

John Isbister
Jaime Luse
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Merck & Company, Pharmacia and Upjohn Company and Ortho-McNeil Pharmaceuticals, Inc.**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb Company**

William David Sanders
McGivney & Kluger, P.C.
23 Vreeland Avenue, Suite 220
Florham Park, NJ 07932
**Attorneys for Sanofi Aventis**

Janet K. Coleman
Whitney & Bogris, L.L.P.
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline and Mallinckrodt, Inc.**

Robert M. Kelly
Jackson & Campbell, P.C.
1120 20th Street, N.W., Suite 300-South
Washington, D.C. 20036
**Attorney for Defendant Kremers-Urban Co.**

Craig C. Reilly
111 Oronoco Street
Alexandria, VA 22314
**Attorneys for Dart Industries, Inc.**

John C. Coots

**ATTORNEY FOR DEFENDANT ELI LILLY AND COMPANY**



3464840v3

# EXHIBIT A

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

RECEIVED
Civil Clerk's Office
FEB 2 3 2009
Superior Court of the
District of Columbia
Washington, D.C.

ISABELLE ZIMMERLY GARCIA,
5532 Meadow Lane
Mariposa, CA 95338

Plaintiff,

Case No. 0001113-09

v.

ELI LILLY AND COMPANY,
Lilly Corporate Center
Indianapolis, IN 46285
w/s/o NATIONAL REGISTERED AGENTS, INC.
1090 Vermont Avenue, N.W., #910
Washington, DC 20005

and

ABBOTT LABORATORIES, INC.
100 Abbott Park Road
Abbott Park, IL 60064
w/s/o CT CORPORATION
1025 Vermont Avenue, N.W.
Washington, DC 20005

and

AVENTIS PHARMACEUTICALS, INC.
as successor to William H. Rorer, Inc.
55 Corporate Drive
Bridgewater, NJ 08807

and

BRISTOL-MYERS SQUIBB COMPANY
as successor to E.R. Squibb & Sons, Inc.
P.O. Box 4500
Princeton, NJ 08543
w/s/o CT CORPORATION
1025 Vermont Avenue, N.W.
Washington, DC 20005

and

DART INDUSTRIES, INC.
as successor to Rexall Drug Company, Inc.
w/s/o Sheila Ann Marie Moeller, Esq.
Gilbride, Tusa, Last & Spellane
31 Brookside Drive
Greenwich, CT 06830

and

ELAN PHARMACEUTICALS, INC.
as successor to Carnrick Laboratories, Inc.
w/s/o National Registered Agents, Inc.
160 Greentree Drive, Suite 101
Dover, DE 19904

and

GLAXOSMITHKLINE,
as successor to S.E. Massengill Co. and
Burroughs-Wellcome Co.

w/s/o GLAXOSMITHKLINE
1500 K Street, N.W.
Washington, DC 20036

and

KREMERS-URBAN CO.,
w/s/o JACKSON & CAMPBELL, P.C.
1120 20th Street NW
Suite 300-South
Washington, DC 20036

and

MALLINCKRODT, INC.
675 McDonnell Boulevard
Saint Louis, MO 63042

and

MERCK & CO., INC. }
P.O. Box 4 }
West Point, PA 19486 }
w/s/o CT CORPORATION SYSTEM }
1025 Vermont Avenue, N.W. }
Washington, DC 20005 }

and

ORTHO-MCNEIL PHARMACEUTICALS }
as successor to McNeil Lab, Inc. }
1000 U.S. Highway 202 }
Raritan, NJ 08869 }

and

PERSON & COVEY, INC. }
616 Allen Avenue }
Glendale, CA 91221 }

and

PREMO PHARMACEUTICAL LABORATORIES, INC. }
w/s/o Corporation Trust Co. }
820 Bear Tavern Road }
West Trenton, NJ 08628 }

and

PHARMACIA AND UPJOHN COMPANY }
100 Route 206 North }
Peapack, NJ 07977 }
w/s/o CT CORPORATION }
1025 Vermont Avenue, N.W. }
Washington, D.C. 20005 }

Defendants. }

## COMPLAINT
**(DES Litigation – Products Liability)**

1. Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2. Defendants are engaged, or have been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and are doing business in the District of Columbia, and sought and obtained industry wide and governmental approval for Diethylstilbestrol ("DES") within the District of Columbia.

3. Although Plaintiff was exposed to DES in Illinois, her injuries as aforesaid below manifested in the State of California.

**COUNT I**
**(Negligent Failure to Warn – Isabelle Garcia)**

3. On or about the year 1955, during her pregnancy with Plaintiff Isabelle Garcia, the mother of Plaintiff Isabelle Garcia bought and ingested DES in Illinois. The Defendants, and/or their predecessors, acting in concert, manufactured, compounded, packaged, labeled, supplied, sold, and advertised DES throughout the United States and the States of Illinois and California.

4. It was the duty of the Defendants to adequately warn Ms. Garcia's mother and her attending physicians as to the risks of DES on to safety and efficacy at the time of the Plaintiff's *in utero* exposure to DES.

5. Defendants negligently failed to adequately warn Plaintiff Isabelle Garcia's mother and her attending physicians of risks regarding safety and efficacy of DES.

6. As a result of said negligence, Plaintiff Isabelle Garcia was exposed *in utero* to DES, and she suffered injuries including, but not limited to, uterine and cervical malformations, with resultant infertility, incurred medical expenses for care and treatment, suffered physical and mental pain and was deprived of the family she desired.

**COUNT II**
**(Negligent Failure to Test – Isabelle Garcia)**

7. All of the allegations contained in Count I are re-alleged and incorporated herein by reference.

8. Defendants had a duty to fully and adequately test DES, as to its safety and efficacy, before seeking FDA approval and continuing to sell DES for use in accidents of pregnancy.

9. Defendants negligently failed to test DES in any regard as to its safety and efficacy.

10. As a result of Defendants' said negligence, Plaintiff Isabelle Garcia was injured as aforesaid.

**COUNT III**
**(Strict Liability – Isabelle Garcia)**

11. All of the allegations contained in Count I and II are re-alleged and incorporated herein by reference.

12. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

13. Defendants are engaged, or have been engaged, in the business of producing DES, and is, or has been, a commercial manufacturer of said drug.

14. Plaintiff Isabelle Garcia's mother purchased and ingested DES during her pregnancy with Plaintiff Isabelle Garcia, and received and ingested DES in the same form and condition as when it left Defendants' possession.

15. Said product was defective when placed on the market by Defendants. DES was sold by the Defendants without sufficient warning or instructions. A reasonable seller would not

have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

16. Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

17. As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff Isabelle Garcia was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

18. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff Isabelle Garcia for her DES-related injuries, losses, and damages.

**COUNT IV**
**(Breach of Warranty – Isabelle Garcia)**

19. All of the allegations contained in Counts I through III are re-alleged and incorporated herein by reference.

20. At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

21. Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff Isabelle Garcia and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

22. At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

23. As a direct result of the breach of warranties by the Defendants, Plaintiff Isabelle Garcia has been injured as aforesaid.

**COUNT V**
**(Misrepresentation – Isabelle Garcia)**

24. All of the allegations contained in Counts I through IV are re-alleged and incorporated herein by reference.

25. Defendants represented to pregnant women, including the mother of Plaintiff Isabelle Garcia and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

26. The mother of the Plaintiff Isabelle Garcia and her attending physicians did, in fact, rely on Defendants' representations in his advice about purchase, use, and consumption of DES.

27. At all times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

28. As a direct result of said false representations by Defendants, Plaintiff Isabelle Garcia was injured as aforesaid.

**WHEREFORE,** Plaintiff Isabelle Garcia demands judgment against Defendants in the sum of Two Million Dollars ($2,000,000.00) as compensatory damages, plus costs.

Respectfully submitted,
AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
Brandon J. Levine, #412130
Renee L. Robinson-Meyer, #455375
Steven J. Lewis, #472564
Benjamin J. Cooper #502149
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040
aaronlevinelaw@aol.com
Counsel for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues of material facts.

Aaron M. Levine

# NATIONAL REGISTERED AGENTS, INC.

## SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: MICHAEL J. HARRINGTON
ELI LILLY AND COMPANY
LILLY CORPORATE CENTER
INDIANAPOLIS, IN 46285-0000

SOP Transmittal # DC11464

(800) 767-1553 - Telephone
(609) 716-0820 - Fax

Entity Served: ELI LILLY AND COMPANY

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of DISTRICT OF COLU on this 24 day of February , 2009 . The following is a summary of the document(s) received:

1. **Title of Action:** Isabelle Zimmerly Garcia vs. Eli Lilly & Company

2. **Document(s) served:**

x Summons/Citation/Third Party Summon __ Subpoena __ Notice of
x Complaint/Petition/Third Party Complaint __ Garnishment
__ Motion for Default/Default Judgment __ Mechanics Lien __ Other:
__ Injunction/Temporary Restraining Order __ Demand for Jury Trial

M. J. HARRINGTON
FEB 26 2009

3. **Court of Jurisdiction/ Case & Docket Number:** Superior Court of the District of Columbia Civil Division 0001113-09

4. **Amount Claimed, if any:** $2000000.00

5. **Method of Service** (select one):
__ Personally served by: __ Process Server __ Deputy Sheriff __ U. S Marshall
x Delivered Via: x Certified Mail (Envelope enclosed) __ Regular Mail (Envelope enclosed) __ Facsimile
__ Other (Explain):

6. **Date and Time of Receipt:** 2/24/2009 1:28:02 PM EST (GMT -5)

7. **Appearance/Answer Date:** 20 Days

8. **Received From:** (Name, Address & Telephone Number)
Aaron M. Levine
Aaron M. Levine & Associates
1320 Nineteenth Street, NW
Suite 500
Washington, DC 20036
202-833-8040

9. **Federal Express Airbill #** 792146240232

10. **Call Made to:** Not required

11. **Special Comments:**

**NATIONAL REGISTERED AGENTS, INC.**

Transmitted by: John Christel

**Copies To:** FAX: 3172766221
MICHAEL J. HARRINGTON
LILLY CORPORATE CENTER

INDIANAPOLIS, IN 46285-0000

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ISABELLE ZIMMERLY GARCIA
Vs. C.A. No. 2009 CA 001113 B
ELI LILLY AND COMPANY

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge BRIAN F HOLEMAN
Date: February 23, 2009
Initial Conference: 9:30 am, Friday, May 29, 2009
Location: Courtroom A-49
515 5th Street NW
WASHINGTON, DC 20001

Caio.doc

**ADDENDUM TO INITIAL ORDER AFFECTING ALL MEDICAL MALPRACTICE CASES**

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

**CA Form 1**

# Superior Court of the District of Columbia

**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Room JM-170**
**Washington, D.C. 20001 Telephone: 879-1133**

Isabelle Zimmerly Garcia

*Plaintiff*

vs. Civil Action No. 0001113-09

Eli Lilly and Company

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Aaron M Levine
**Name of Plaintiff's Attorney**

1320 19th Street NW, Ste 500
**Address**
Washington, DC 20036

(202) 833-8040
**Telephone**

By Adrienne J. Marsh
Deputy Clerk

Date 2/23/2009

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (624-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

**ISABELLE ZIMMERLY GARCIA,**
5532 Meadow Lane
Mariposa, CA 95338

Plaintiff,

v.

**ELI LILLY AND COMPANY,**
Lilly Corporate Center
Indianapolis, IN 46285
w/s/o NATIONAL REGISTERED AGENTS, INC.
1090 Vermont Avenue, NW, #910
Washington, DC 20005

and

**THE ABBOTT LABORATORIES, INC.**
100 Abbott Park Road
Abbott Park, IL 60064
w/s/o CT Corporation System
1025 Vermont Avenue, N.W
Washington, DC 20005

and

**AVENTIS PHARMACEUTICALS, INC.**
as successor to William H. Rorer, Inc.
55 Corporate Drive
Bridgewater, NJ 08807

and

**BRISTOL-MYERS SQUIBB COMPANY**
as successor to E.R. Squibb & Sons, Inc.
P.O. Box 4500
Princeton, NJ 08543
w/s/o CT Corporation System
1025 Vermont Avenue, N.W.
Washington, DC 20005

**Civil Action No. 2009 CA 001113 B**

**DEFENDANT ELI LILLY AND COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

and )

**DART INDUSTRIES, INC.** )
as successor to Rexall Drug Company, Inc. )
w/s/o Sheila Ann Maraie Moeller, Esq. )
Gilbride, Tusa, Last & Spellane )
31 Brookside Drive )
Greenwich, CT 06830 )

and )

**ELAN PHARMACEUTICALS, INC.** )
as successor to Carnrick Labs, Inc. )
w/s/o National Registered Agents )
160 Greentree Drive, Suite 101 )
Dover, DE 19904 )

and )

**GLAXOSMITHKLINE** )
A successor of S.E. MASSENGILL CO. )
1500 K Street, N.W. )
Washington, D.C. 20036 )

and )

**KREMERS-URBAN COMPANY,** )
w/s/o Jackson & Campbell, P.C. )
1120 20th Street N.W., Suite 300-South )
Washington, DC 20036 )

and )

**MALLINCKRODT, INC.** )
675 McDonnell Boulevard )
Saint Louis, MO 63042 )

and )

**MERCK & CO., INC.** )
P.O. Box 4 )
West Point, PA 19486 )
w/s/o CT Corporation System )
1025 Vermont Avenue, N.W. )
Washington DC 20005 )

and

**ORTHO-MCNEIL PHARMACEUTICALS**
as successor to McNeil Lab, Inc.
1000 U.S. Highway 202
Raritan, NJ 08869

and

**PERSON & COVEY, INC.**
616 Allen Avenue
Glendale, CA 91221

and

**PHARMACIA AND UPJOHN COMPANY**
100 Route 206 North
Peapack, NJ 07977
w/s/o CT Corporation
1025 Vermont Avenue, N.W.
Washington, DC 20005

and

**PREMO PHARMACEUTICAL LABORATORIES, INC.**
w/s/o Corporation Trust Co.
820 Bear Tavern Road
West Trenton, NJ 08628

**Defendants.**

**DEFENDANT ELI LILLY AND COMPANY'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers by like numbered paragraphs the Complaint filed in this action as follows:

Answers to each paragraph of the Complaint by Lilly are made without waiving, but expressly reserving, all rights that Lilly may have to seek relief by appropriate motions directed to the allegations of the Complaint.

1. Whether this Court has jurisdiction under 11 D.C. Code § 921 is a legal question to which no response is required. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 1 of the Complaint.

2. In response to the allegations contained in Paragraph 2 of the Complaint, Lilly states that it did sell and distribute DES in the District of Columbia. Lilly also states that it is doing business in the District of Columbia and that the U.S. Food and Drug Administration ("FDA") approved Lilly's sales of DES and declared that the drug was generally recognized as safe by experts in the field for the uses at issue here. Except as already stated, Lilly denies the allegations contained in Paragraph 2 of the Complaint.

3. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint. To the extent a response is required, however, Lilly denies the allegations in Paragraph 3 of the Complaint.

**COUNT I**

**(Negligent Failure to Warn - Isabelle Garcia)**

3. [sic] Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 [sic] concerning the alleged purchase and ingestion of diethylstilbestrol. To the extent a response is required, however, Lilly denies such allegations. Lilly admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature. Except as already stated, Lilly denies the allegations contained in Paragraph 3 [sic] of the Complaint.

4. [sic] Lilly denies the allegations contained in Paragraph 4 [sic] of the Complaint.

5. [sic] Lilly denies the allegations contained in Paragraph 5 [sic] of the

Complaint.

6. [sic] Lilly denies the allegations contained in Paragraph 6 [sic] of the Complaint.

**COUNT II**

**(Negligent Failure to Test - Isabelle Garcia)**

7. [sic] Lilly repeats and realleges its answers in Count I above.

8. [sic] Lilly denies the allegations in Paragraph 8 [sic] of the Complaint.

9. [sic] Lilly denies the allegations in Paragraph 9 [sic] of the Complaint.

10. [sic] Lilly denies the allegations in Paragraph 10 [sic] of the Complaint.

**COUNT III**

**(Strict Liability - Isabelle Garcia)**

11. [sic] Lilly repeats and realleges its answers in Counts I through II above.

12. [sic] Lilly denies the allegations in Paragraph 12 [sic] of the Complaint.

13. [sic] Lilly denies the allegations contained in Paragraph 13 [sic] as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature. Except as already stated, Lilly denies the allegations contained in Paragraph 13 [sic] of the Complaint.

14. [sic] Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 [sic] concerning the alleged purchase and ingestion of diethylstilbestrol. To the extent a response is required, however, Lilly denies such allegations. Except as already stated, Lilly denies the allegations contained in Paragraph 14 [sic] of the Complaint.

15. [sic] Lilly denies the allegations in Paragraph 15 [sic] of the Complaint.

16. [sic] Lilly denies the allegations in Paragraph 16 [sic] of the Complaint.

17. [sic] Lilly denies the allegations in Paragraph 17 [sic] of the Complaint.

18. [sic] Lilly denies the allegations in Paragraph 18 [sic] of the Complaint.

**COUNT IV**

**(Breach of Warranty - Isabelle Garcia)**

19. [sic] Lilly repeats and realleges its answers in Counts I through III above.

20. [sic] Lilly denies the allegations in Paragraph 20 [sic] as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature. Except as already stated, Lilly denies the allegations contained in Paragraph 20 [sic] of the Complaint.

21. [sic] Lilly denies the allegations in Paragraph 21 [sic] of the Complaint.

22. [sic] Lilly denies the allegations in Paragraph 22 [sic] of the Complaint.

23. [sic] Lilly denies the allegations in Paragraph 23 [sic] of the Complaint.

**COUNT V**

**(Misrepresentation - Isabelle Garcia)**

24. [sic] Lilly repeats and realleges its answers in Counts I through IV above.

25. [sic] Lilly denies the allegations in Paragraph 25 [sic] as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature. Except as already stated, Lilly denies the allegations contained in Paragraph 25 [sic] of the Complaint.

26. [sic] Lilly denies the allegations in Paragraph 26 [sic] of the Complaint.

27. [sic] Lilly denies the allegations in Paragraph 27 [sic] of the Complaint.

28. [sic] Lilly denies the allegations in Paragraph 28 [sic] of the Complaint.

**GENERAL DENIAL**

Lilly admits that Plaintiff seeks the relief requested in the WHEREFORE paragraphs following Paragraph 28 [sic] of the Complaint, but denies that Plaintiff is entitled to judgment, or any such relief, from Lilly. Lilly specifically denies those allegations contained in the Complaint that are not specifically admitted herein.

**AFFIRMATIVE AND OTHER DEFENSES**

Lilly reserves the right to amend its Answer and/or amend or add defenses to conform to such facts as may be revealed in discovery or otherwise. Without assuming the burden of proof of such defenses that it would not otherwise have, Lilly affirmatively asserts the following defenses:

**FIRST DEFENSE**

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are preempted by federal statutes and regulations having the force of law.

**THIRD DEFENSE**

The claims set forth in the Complaint are barred because Plaintiff's alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Lilly had no control.

**FOURTH DEFENSE**

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to diethylstilbestrol.

**FIFTH DEFENSE**

The claims set forth in the Complaint are barred by the learned intermediary doctrine.

**SIXTH DEFENSE**

Plaintiff's claims are subject to the limitations on the doctrine of strict product liability for a purported design defect and breach of warranty as set forth in the Restatement (Second) of Torts, Section 402A, comments j and k, and Sections 4 and 6 of the Restatement (Third) of Torts: Products Liability.

**SEVENTH DEFENSE**

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating diethylstilbestrol and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time diethylstilbestrol was manufactured.

**EIGHTH DEFENSE**

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of diethylstilbestrol outweighed any foreseeable risks of harm.

**NINTH DEFENSE**

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk.

**TENTH DEFENSE**

The claims set forth in the Complaint are barred because Lilly breached no warranty, express or implied, to Plaintiff or to Plaintiff's mother.

**ELEVENTH DEFENSE**

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

**TWELFTH DEFENSE**

Plaintiff's causes of action are barred in whole or in part by the lack of a defect as any product allegedly ingested by Plaintiff's mother was properly prepared in accordance with the applicable standard of care.

**THIRTEENTH DEFENSE**

Plaintiff's alleged damages were not caused by any failure to warn on the part of Lilly.

**FOURTEENTH DEFENSE**

Each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part, from collateral sources.

**FIFTEENTH DEFENSE**

To the extent applicable, Lilly is entitled to contribution from any person and/or entity whose negligence or other fault contributed to Plaintiff's alleged injuries and damages pursuant to CAL. CIV. C. §875 *et seq*, 740 ILCS 100/0.01 *et seq.*, 735 ILCS 5/2-1116 and other applicable law.

**SIXTEENTH DEFENSE**

The design, testing, and labeling of diethylstilbestrol was in conformity with the

generally recognized and prevailing state of the art, i.e., the best technology reasonably available in the industry at the time diethylstilbestrol was first sold to any person not engaged in the business of selling such product.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred because Plaintiff's mother and/or Plaintiff's mother's prescribing physician was, or should have been, aware of the known risks associated with the use of diethylstilbestrol.

**EIGHTEENTH DEFENSE**

Plaintiff's Complaint is defective in that Plaintiff has failed to join indispensable parties.

**NINETEENTH DEFENSE**

Plaintiff failed to give adequate or timely notice to Lilly of any alleged breach of warranty after Plaintiff discovered or should have discovered such alleged breach and is, therefore, barred from any recovery for such claims.

**TWENTIETH DEFENSE**

Should Lilly be held liable, which liability is specifically denied, Lilly would be entitled to a set-off of all sums of money received or available from or on behalf of any tortfeasors for the same injuries alleged in the Complaint.

**TWENTY-FIRST DEFENSE**

Plaintiff's claims are barred and preempted by Lilly's compliance with the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301 et seq. and/or the regulations promulgated pursuant to that Act.

**TWENTY-SECOND DEFENSE**

There is no privity between Plaintiff and Lilly; therefore, Plaintiff is barred from bringing any claims in which privity is an element. Further, Plaintiff's warranty claims are barred because Plaintiff's mother and/or Plaintiff's mother's prescribing physician did not rely on any alleged warranty from Lilly and/or did not timely notify Lilly of any alleged breach of warranty.

**TWENTY-THIRD DEFENSE**

The alleged injuries to Plaintiff are not the result of any act or omission of Lilly but, rather, result from an act of God.

**TWENTY-FOURTH DEFENSE**

Any alleged injuries caused by diethylstilbestrol (which causal connection Lilly has denied and continues to deny) are not the result of any act or omission of Lilly, but rather the result of the misuse of diethylstilbestrol by Plaintiff's mother, which misuse bars the Plaintiff from any recovery against Lilly.

**TWENTY-FIFTH DEFENSE**

If Plaintiff sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question, and Plaintiff's claims are therefore barred.

**TWENTY-SIXTH DEFENSE**

Lilly had no duty to warn about any possible dangers in using diethylstilbestrol

that were not known at the time of manufacture and sale of the product.

**TWENTY-SEVENTH DEFENSE**

Any damages sustained by Plaintiff were caused by or contributed to by modification, alterations or maintenance of diethylstilbestrol after said prescription drug left the care, custody or control of Lilly.

**TWENTY-EIGHTH DEFENSE**

Lilly denies any negligence or wrongdoing, denies it is liable under any theory of strict liability, and denies that diethylstilbestrol contributed to Plaintiff's alleged injuries, losses or damages.

**TWENTY-NINTH DEFENSE**

Plaintiff's product liability causes of action are barred because diethylstilbestrol was consistent with or exceeded consumer expectations.

**THIRTIETH DEFENSE**

In order to establish the fact of legal damage or loss, the Plaintiff must establish the product she alleges caused injury was not a factor in preserving the pregnancy that resulted in Plaintiff's birth.

**THIRTY-FIRST DEFENSE**

Plaintiff's breach of warranty claims are barred by the Uniform Commercial Code as enacted in California and/or Illinois.

**THIRTY-SECOND DEFENSE**

Plaintiff's mother assumed the risks inherent in the use of diethylstilbestrol and her assumption of risk is a bar to Plaintiff's recovery in this case.

**THIRTY-THIRD DEFENSE**

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct Lilly is not responsible or with whom Lilly had no legal relationship.

**THIRTY-FOURTH DEFENSE**

If the product in question was unsafe, then it was unavoidably unsafe.

**THIRTY-FIFTH DEFENSE**

Plaintiff's causes of action are barred by the doctrine of *res judicata* or the doctrine of collateral estoppel.

**THIRTY-SIXTH DEFENSE**

Plaintiff's causes of action are barred by the Doctrine of Laches.

**THIRTY-SEVENTH DEFENSE**

Plaintiff's causes of action are barred by the application of the Borrowing Statute as adopted in California and/or Illinois.

**THIRTY-EIGHTH DEFENSE**

To the extent applicable, Lilly specifically asserts the defenses of comparative negligence and comparative assumption of risk. In the event that Lilly is found jointly or severally liable with any other tortfeasor or with multiple tortfeasors, Lilly reserves its right of contribution to the extent that it has to pay more than Lilly's pro rata share of the common liability consistent with the provisions set forth in CAL CIV. CODE §§ 1431 – 1431.5, § 875, *et seq.*, and other applicable law.

**THIRTY-NINTH DEFENSE**

With respect to Plaintiff's claim for damages, Lilly specifically incorporates by reference any and all limitations regarding the determination and enforceability non-economic damage awards under California and/or Illinois law, including the caps and other limitations provided under C.R.S. §13-21-102.5, and any other applicable law.

**FORTIETH DEFENSE**

Plaintiff's claims are barred by reason of the decisions of the California Supreme Court in *Sindell v. Abbott Laboratories*, 26 Cal. 3d 588 (1980) and by reason of the California Appellate Court decision in *Magallanes v. Superior Court*, 167 Cal. App. 3d 878 (1985).

**FORTY-FIRST DEFENSE**

Plaintiffs' claims are barred by reason of the decision of the Illinois Supreme Court in *Smith v. Eli Lilly & Co.*, 137 Ill. 2d 222, 253-54, 560 N.E.2d 324, 338 (Ill. 1990).

**JURY DEMAND**

Defendant Eli Lilly and Company demands a trial by jury on all issues.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Lilly prays as follows:

1. That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

2. That Lilly be awarded its costs and disbursements herein to be taxed as provided by law.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P

/s/ Ericka L. Downie
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Ericka L. Downie, D.C. Bar No. 979666
SHOOK, HARDY & BACON L.L.P
600 14TH Street, N.W., Suite 800
Washington, DC 20005-2004
Phone: (202) 783-8400
Fax: (202) 783-4211

and

David W. Brooks
Jonathan H. Gregor
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, MO 64108-2613
Phone: (816) 474-6550
Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT ELI LILLY AND COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2009, I caused **DEFENDANT ELI LILLY AND COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-filing participants in this matter.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb Company**

Jennifer Gardner Levy
Kirkland & Ellis
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005
**Attorneys for Abbott Laboratories**

William David Sanders
McGivney & Kluger, P.C.
23 Vreeland Avenue, Suite 220
Florham Park, NJ 07932
**Attorneys for Sanofi Aventis**

Eric I. Goldberg
Goodwin & Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

Janet K. Coleman
Whitney & Bogris, L.L.P.
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline and Mallinckrodt, Inc.**

John Isbister
Jaime Luse
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals**

Robert M. Kelly
Jackson & Campbell, P.C.
1120 20th Street, N.W., Suite 300-South
Washington, D.C. 20036
**Attorney for Defendant Kremers-Urban Co.**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Merck & Company, Pharmacia and Upjohn Company and Ortho-McNeil Pharmaceuticals, Inc.**

Craig C. Reilly
111 Oronoco Street
Alexandria, VA 22314
**Attorneys for Dart Industries, Inc.**

Sean C.E. McDonough
David D. Hudgins
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

/s/ Ericka L. Downie
**ATTORNEY FOR DEFENDANT**
**ELI LILLY AND COMPANY**

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **ISABELLE ZIMMERLY GARCIA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 2009 CA 001113 B** |
| **ELI LILLY AND COMPANY, et al.,** | ) | **Next Scheduled Event: Initial Scheduling Conference to be set by Court** |
| **Defendants.** | ) | |

**DEFENDANT ELI LILLY AND COMPANY'S DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTERESTS**

Pursuant to Superior Court Rule of Civil Procedure 7.1, Defendant Eli Lilly and Company provides the following Corporate Disclosure Statement. Eli Lilly and Company has no parent corporation and no publicly held corporation owns 10% or more of its stock.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P

/s/ Ericka L. Downie
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Ericka L. Downie, D.C. Bar No. 979666
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C. 200005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

**ATTORNEYS FOR DEFENDANT ELI LILLY AND COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2009, I caused the following document: **DEFENDANT ELI LILLY AND COMPANY'S DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTERESTS** to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-filing participants in this matter.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb Company**

Jennifer Gardner Levy
Kirkland & Ellis
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005
**Attorneys for Abbott Laboratories**

William David Sanders
McGivney & Kluger, P.C.
23 Vreeland Avenue, Suite 220
Florham Park, NJ 07932
**Attorneys for Sanofi Aventis**

Eric I. Goldberg
Goodwin & Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

Janet K. Coleman
Whitney & Bogris, L.L.P.
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline and Mallinckrodt, Inc.**

John Isbister
Jaime Luse
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals**

Robert M. Kelly
Jackson & Campbell, P.C.
1120 20th Street, N.W., Suite 300-South
Washington, D.C. 20036
**Attorney for Defendant Kremers-Urban Co.**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Merck & Company, Pharmacia and Upjohn Company and Ortho-McNeil Pharmaceuticals, Inc.**

Craig C. Reilly
111 Oronoco Street
Alexandria, VA 22314
**Attorneys for Dart Industries, Inc.**

| | |
|---|---|
| Sean C.E. McDonough<br>David D. Hudgins<br>Hudgins Law Firm<br>515 King Street, Suite 400<br>Alexandria, VA 22314<br>**Attorneys for Person & Covey, Inc.** | |

/s/ Ericka L. Downie
**ATTORNEY FOR DEFENDANT**
**ELI LILLY AND COMPANY**

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **ISABELLE ZIMMERLY GARCIA,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 2009 CA 001113 B** |
| **ELI LILLY AND COMPANY, et al.,** | **Next Scheduled Event: Initial Scheduling Conference to be set by Court** |
| **Defendants.** | |

**PRAECIPE**

**NOTICE OF APPEARANCE**

To the Clerk of this Court and all parties of record:

Pursuant to D.C. SUPER. CT. R. CIV. P. 101(b) please enter the appearance of Michelle R. Mangrum as counsel for Defendant Eli Lilly and Company in the above-captioned matter.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P

/s/ Michelle R. Mangrum
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Ericka L. Downie, D.C. Bar No. 979666
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C. 200005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

**ATTORNEYS FOR DEFENDANT**
**ELI LILLY AND COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of March, 2009, I caused the foregoing Praecipe and Notice of Appearance to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-filing participants in this matter.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Jennifer Gardner Levy
Kirkland & Ellis
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005
**Attorneys for Abbott Laboratories**

Eric I. Goldberg
Goodwin & Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

John Isbister
Jaime Luse
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Merck & Company, Pharmacia and Upjohn Company and Ortho-McNeil Pharmaceuticals, Inc.**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb Company**

William David Sanders
McGivney & Kluger, P.C.
23 Vreeland Avenue, Suite 220
Florham Park, NJ 07932
**Attorneys for Sanofi Aventis**

Janet K. Coleman
Whitney & Bogris, L.L.P.
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline and Mallinckrodt, Inc.**

Robert M. Kelly
Jackson & Campbell, P.C.
1120 20th Street, N.W., Suite 300-South
Washington, D.C. 20036
**Attorney for Defendant Kremers-Urban Co.**

Craig C. Reilly
111 Oronoco Street
Alexandria, VA 22314
**Attorneys for Dart Industries, Inc.**

| | |
|---|---|
| Sean C.E. McDonough<br>David D. Hudgins<br>Hudgins Law Firm<br>515 King Street, Suite 400<br>Alexandria, VA 22314<br>**Attorneys for Person & Covey, Inc.** | |

/s/ Michelle R. Mangrum

**ATTORNEY FOR DEFENDANT**
**ELI LILLY AND COMPANY**

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **ISABELLE ZIMMERLY GARCIA,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 2009 CA 001113 B** |
| **ELI LILLY AND COMPANY, et al.,** | **Next Scheduled Event: Initial Scheduling Conference to be set by Court** |
| **Defendants.** | |

**PRAECIPE**

**NOTICE OF APPEARANCE**

To the Clerk of this Court and all parties of record:

Pursuant to D.C. SUPER. CT. R. CIV. P. 101(b) please enter the appearance of John Chadwick Coots as counsel for Defendant Eli Lilly and Company in the above-captioned matter.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P

/s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Ericka L. Downie, D.C. Bar No. 979666
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C. 200005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

**ATTORNEYS FOR DEFENDANT**
**ELI LILLY AND COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March, 2009, I caused the foregoing Praecipe and Notice of Appearance to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-filing participants in this matter.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Jennifer Gardner Levy
Kirkland & Ellis
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005
**Attorneys for Abbott Laboratories**

Eric I. Goldberg
Goodwin & Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

John Isbister
Jaime Luse
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Merck & Company, Pharmacia and Upjohn Company and Ortho-McNeil Pharmaceuticals, Inc.**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb Company**

William David Sanders
McGivney & Kluger, P.C.
23 Vreeland Avenue, Suite 220
Florham Park, NJ 07932
**Attorneys for Sanofi Aventis**

Janet K. Coleman
Whitney & Bogris, L.L.P.
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline and Mallinckrodt, Inc.**

Robert M. Kelly
Jackson & Campbell, P.C.
1120 20th Street, N.W., Suite 300-South
Washington, D.C. 20036
**Attorney for Defendant Kremers-Urban Co.**

Craig C. Reilly
111 Oronoco Street
Alexandria, VA 22314
**Attorneys for Dart Industries, Inc.**

| | |
|---|---|
| Sean C.E. McDonough<br>David D. Hudgins<br>Hudgins Law Firm<br>515 King Street, Suite 400<br>Alexandria, VA 22314<br>**Attorneys for Person & Covey, Inc.** | |

/s/ John Chadwick Coots

**ATTORNEY FOR DEFENDANT**
**ELI LILLY AND COMPANY**

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **ISABELLE ZIMMERLY GARCIA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 2009 CA 001113 B** |
| **ELI LILLY AND COMPANY, et al.,** | ) | **Next Scheduled Event:** |
| | ) | **Initial Scheduling Conference to be set by Court** |
| **Defendants.** | ) | |

**PRAECIPE**

**NOTICE OF APPEARANCE**

To the Clerk of this Court and all parties of record:

Pursuant to D.C. SUPER. CT. R. CIV. P. 101(b) please enter the appearance of Ericka L. Downie as counsel for Defendant Eli Lilly and Company in the above-captioned matter.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P

/s/ Ericka L. Downie
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Ericka L. Downie, D.C. Bar No. 979666
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C. 200005-2004
Phone: (202) 783 -8400
Fax: (202) 783-4211

**ATTORNEYS FOR DEFENDANT**
**ELI LILLY AND COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of March, 2009, I caused the foregoing Praecipe and Notice of Appearance to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-filing participants in this matter.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb Company**

Jennifer Gardner Levy
Kirkland & Ellis
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005
**Attorneys for Abbott Laboratories**

William David Sanders
McGivney & Kluger, P.C.
23 Vreeland Avenue, Suite 220
Florham Park, NJ 07932
**Attorneys for Sanofi Aventis**

Eric I. Goldberg
Goodwin & Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

Janet K. Coleman
Whitney & Bogris, L.L.P.
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline and Mallinckrodt, Inc.**

John Isbister
Jaime Luse
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals**

Robert M. Kelly
Jackson & Campbell, P.C.
1120 20th Street, N.W., Suite 300-South
Washington, D.C. 20036
**Attorney for Defendant Kremers-Urban Co.**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Merck & Company, Pharmacia and Upjohn Company and Ortho-McNeil Pharmaceuticals, Inc.**

Craig C. Reilly
111 Oronoco Street
Alexandria, VA 22314
**Attorneys for Dart Industries, Inc.**

| | |
|---|---|
| Sean C.E. McDonough<br>David D. Hudgins<br>Hudgins Law Firm<br>515 King Street, Suite 400<br>Alexandria, VA 22314<br>**Attorneys for Person & Covey, Inc.** | |

/s/ Ericka L. Downie
**ATTORNEY FOR DEFENDANT**
**ELI LILLY AND COMPANY**

Filed
D.C. Superior Court
09 Mar 10 P03:35
Clerk of Court

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| ISABELLE ZIMMERLY GARCIA, | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil Action No. 2009 CA 001113 B |
| | ) | ***Judge Brian F. Holeman*** |
| v. | ) | |
| | ) | |
| ELI LILLY AND COMPANY, *et al*., | ) | |
| | ) | |
| *Defendants*. | ) | |

**RULE 7.1 DISCLOSURE STATEMENT**

Pursuant to D.C. Superior Court Rule 7.1, undersigned counsel for defendant Dart Industries, Inc. (formerly known as Rexall Drug Company), certifies that to the best of my knowledge and belief, that Dart Industries, Inc. is a wholly owned subsidiary of Tupperware Corporation.

DART INDUSTRIES, INC.
By Counsel

By: /s/ Craig C. Reilly
Craig C. Reilly (D.C. Bar # 383594)
111 Oronoco Street
Alexandria, VA 22312
TEL (703) 549-5354
FAX (703) 549-2604
craig.reilly@ccreillylaw.com

OF COUNSEL

Sheila AnnMarie Moeller
Gilbride, Tusa, Last & Spellane LLC
31 Brookside Drive
Greenwich, CT 06836
(203) 622-9360

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2009 a copy of the foregoing was electronically filed with the court through the e-filing service, CaseFile Xpress and that such e-filing service will send a notice of filing to the following or as indicated:

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
*Counsel for plaintiffs*

Michelle R. Mangrum
John Chadwick Coots
Ericka L. Kleiman
SHOOK, HARDY & BACON LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005
*Counsel for defendant Eli Lilly*

Sidney Gordon Leech
GOODELL, DEVRIES, LEECH & DANN LLP
One South Street, 20th Floor
Baltimore, MD 21202
*Counsel for defendant Bristol Myers Squibb*

Janet K. Coleman
WHITNEY & BOGRIS, LLP
401 Washington Ave., 12th Floor
Towson, MD 21204
*Counsel for defendant GlaxoSmithKline*

Eric Goldberg
GOODWIN PROCTER LLP
901 New York Ave., N.W.
Washington, D.C. 20001
*Counsel for defendant Premo Pharm.*

Elizabeth Ewert
DRINKER, BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005
*Counsel for defendant Pharmacia & Upjohn*

Jennifer Gardner Levy
KIRKLAND & ELLIS
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005
*Counsel for Defendant Abbott Labs.*

William David Sanders
MCGIVNEY & KLUGER, P.C.
23 Vreeland Avenue, Suite 220
Florham Park, NJ 07932
*Counsel for defendant Sanofi Aventis*

John Isbister
Jaime Luse
TYDINGS & ROSENBERG, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
*Counsel for defendant Elan Pharms.*

Robert M. Kelly
JACKSON & CAMPBELL, P.C.
1120 20th Street, N.W., Suite 300-South
Washington, D.C. 20036
*Counsel for Defendant Kremers-Urban Co.*

Sean C.E. McDonough
David D. Hudgins
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, VA 22314
*Counsel for defendant Person & Covey, Inc.*

/s/ Craig C. Reilly
Craig C. Reilly

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| ISABELLE ZIMMERLY GARCIA,<br><br>*Plaintiff,*<br><br>v.<br><br>ELI LILLY AND COMPANY, *et al.*,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2009 CA 001113 B<br>***Judge Brian F. Holeman*** |

**ANSWER OF DEFENDANT DART INDUSTRIES, INC.**

Defendant Dart Industries, Inc. (formerly known as Rexall Drug Company, hereinafter referred to as "Dart"), by counsel, for itself alone and denying knowledge or information sufficient to form a belief with respect to allegations concerning any other defendant in this action, answers the numbered paragraphs of the Complaint herein as follows:

1. This paragraph states a legal conclusion. To the extent any facts are alleged, Dart is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding jurisdiction, and therefore Dart denies them.

2. Dart admits that (i) Rexall Drug Company sold and distributed certain DES pharmaceutical products between 1949 and 1969, (ii) manufactured certain DES products between 1949 and 1967, if the term "manufacture" is defined to include the process of adding inert ingredients to the bulk active chemical produced by and purchased from others, and (iii) in the past Dart has done business in the District of Columbia. Except as specifically admitted, Dart denies the allegations contained in this paragraph.

3. Dart is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore Dart denies them.

**COUNT I**
**(Negligent Failure Warn – Isabelle Garcia)**

3 [*sic*]. Dart is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore Dart denies them.

4. This paragraph states a legal conclusion. To the extent any facts are alleged, Dart denies them.

5. Denied.

6. Dart is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's alleged injuries and therefore Dart denies them; all other allegations are denied.

**COUNT II**
**(Negligent Failure to Test – Isabelle Garcia)**

7. All prior responses are incorporated.

8. This paragraph states a legal conclusion. To the extent any facts are alleged, Dart denies them.

9. Denied.

10. Dart is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's alleged injuries, and therefore Dart denies them; all other allegations are denied.

**COUNT III**
**(Strict Liability – Isabelle Garcia)**

11. All prior responses are incorporated.

12. Denied.

13. Dart admits that Rexall Drug Company "manufactured" and "produced" certain DES products between 1949 and 1967, if the terms "manufacture" and "produce" are defined to

include the process of adding inert ingredients to the bulk active chemical produced by and purchased from others; except as specifically admitted, Dart denies the allegations in this paragraph.

14. Dart is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's mother's actions, and therefore Dart denies them; all other allegations are denied.

15. Denied.

16. Denied.

17. Denied.

18. This paragraph states a legal conclusion. To the extent any facts are alleged, Dart denies them.

**COUNT IV**
**(Breach of Warranty – Isabelle Garcia)**

19. All prior responses are incorporated.

20. Dart admits that Rexall Drug Company sold and distributed certain DES pharmaceutical products between 1949 and 1969; this paragraph otherwise states legal conclusions, but to the extent any facts are alleged, Dart denies them.

21. Dart is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding that actions plaintiff's mother or her attending physicians, and therefore Dart denies them; all other allegations are denied.

22. Denied.

23. Denied.

**COUNT V**
**(Misrepresentation – Isabelle Garcia)**

24. All prior responses are incorporated.

25. Denied.

26. Dart is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding that actions plaintiff's mother or her attending physicians, and therefore Dart denies them; all other allegations are denied.

27. Denied.

28. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's alleged causes of action contained in the Complaint may be barred by applicable statutes of limitation or by the doctrine of laches.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

If the causes of action asserted in plaintiff's Complaint state claims upon which relief can be granted, plaintiffs have failed to join and include in this action all identifiable and indispensable parties without whom in equity and in fairness this action should not proceed.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that plaintiff assert a claim of fraud, plaintiff has failed to state a cause of action in that plaintiff asserts mere allegations and fail to state with particularity the circumstances constituting the wrong.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff lacks capacity and standing to sue by reason of the fact that no duty was owed the plaintiff by this answering defendant at the time the mother of the plaintiff allegedly used the drug referred to in the Complaint or by the reason of the doctrine of *en ventre sa mere* and, therefore, plaintiff has failed to state facts sufficient to state a claim upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff has been unable to identify this defendant as the defendant causing the alleged injuries, and therefore has failed to state a cause of action against this defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Any damages, injuries or losses that may have been sustained by the plaintiff, as alleged in the Complaint, were sustained only after the mother of the plaintiff knowingly and voluntarily assumed any alleged risk inherent in the consumption or use of the drug referred to in the Complaint, with respect to herself and her offspring.

### EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, any injuries, losses or damages that the plaintiff may have sustained were caused by the negligence of the plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff is barred from asserting the claims contained in the Complaint because if the drug referred to in the Complaint was used by the mother of the plaintiff during her pregnancy with the plaintiff, the use of said drug was responsible for the birth of the plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

If the plaintiff sustained any injury or incurred any loss or damage as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom this defendant exercised and had no right of control, for which this defendant is not responsible, and whose conduct this defendant had no duty or reason to anticipate or control.

**ELEVENTH AFFIRMATIVE DEFENSE**

If in fact the mother of the plaintiff used the product referred to in the Complaint, upon information and belief, said product was used for a purpose and in a manner not intended or recommended by the manufacturer or distributor thereof and over which this defendant had no control.

**TWELFTH AFFIRMATIVE DEFENSE**

With respect to all claims based upon alleged breach of express or implied warranties, there was no privity between the plaintiff and this defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

With respect to all claims based upon alleged breach of express or implied warranties, there was no timely notice of any alleged breach of warranty given to this defendant at any time.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The causes of action asserted herein by the plaintiff, who admittedly is unable to identify the manufacturer of the alleged injury-causing product, fail to state a claim upon which relief can be granted, in that, *inter alia*, plaintiff has asserted claims for relief which, if granted, would contravene this defendant's constitutional rights to substantive and procedural due process of law under the United States Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

The causes of action asserted by the plaintiff herein, who admittedly is unable to identify the manufacturer of the alleged injury-causing product, fail to state a claim upon which relief can be granted, in that, *inter alia*, plaintiff has asserted claims for relief, which, if granted, would constitute a taking of private property for a public use, without just compensation and such a taking would contravene this defendant's constitutional rights under the United States Constitution.

### SIXTEENTH AFFIRMATIVE DEFENSE

The causes of action asserted herein by the plaintiff fail to state a claim upon which relief can be granted, in that, *inter alia*, plaintiff has asserted claims for relief which, if granted, would constitute a denial by this Court of this defendant's constitutional rights to equal protection of the laws under the United States Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The causes of action asserted herein by the plaintiff fail to state a claim upon which relief can be granted in that, *inter alia*, plaintiff has asserted claims for relief, which, if granted, would impose an improper, retroactive penalty and impermissible intrusion on interstate commerce and federal laws and regulations and would, thereby, violate the United States Constitution.

### EIGHTEENTH AFFIRMATIVE DEFENSE

If in fact plaintiff's Complaint is held to contain a cause of action upon which relief could be granted, then plaintiff's recovery, if any, should be reduced by the relative amount of comparative fault attributable to the plaintiff, or her agents, or persons other than this answering defendant.

**NINETEENTH AFFIRMATIVE DEFENSE**

The place of filing of this action was set without due regard to the convenience of the parties, witnesses, feasibility of compelling testimony of witnesses, availability of physical evidence or other proof and constitutes a *forum non conveniens* that requires that the action be tried in another jurisdiction.

**TWENTIETH AFFIRMATIVE DEFENSE**

Dart incorporates by reference and makes a part hereof all applicable affirmative defenses set forth in the answers of any other defendant and will rely on all defenses which may become available during discovery or trial.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

The imposition of punitive damages would violate this defendant's rights under the United States Constitution.

**WHEREFORE**, Defendant Dart Industries, Inc. respectfully prays that this Court dismiss the Complaint herein or otherwise deny each and every request for relief therein and that it be awarded such other and further relief to which it may be entitled and which this Court may deem just and proper, including the costs and disbursements of the defense of this action.

DART INDUSTRIES, INC.
By Counsel

/s/ Craig C. Reilly
Craig C. Reilly (D.C. Bar # 383594)
111 Oronoco Street
Alexandria, Virginia 22314
TEL: (703) 549-5354
FAX: (703) 549-2604
EMAIL: craig.reilly@ccreillylaw.com

OF COUNSEL:

Sheila AnnMarie Moeller
GILBRIDE, TUSA, LAST & SPELLANE LLC
31 Brookside Drive
Greenwich, CT 06836
(203) 622-9360

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2009 a copy of the foregoing was electronically filed with the court through the e-filing service, CaseFile Xpress and that such e-filing service will send a notice of filing to the following or as indicated:

Aaron M. Levine
AARON M. LEVINE & ASSOCIATES
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
*Counsel for plaintiffs*

Michelle R. Mangrum
John Chadwick Coots
Ericka L. Kleiman
SHOOK, HARDY & BACON LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005
*Counsel for defendant Eli Lilly*

Sidney Gordon Leech
GOODELL, DEVRIES, LEECH & DANN LLP
One South Street, 20th Floor
Baltimore, MD 21202
*Counsel for defendant Bristol Myers Squibb*

Janet K. Coleman
WHITNEY & BOGRIS, LLP
401 Washington Ave., 12th Floor
Towson, MD 21204
*Counsel for defendant GlaxoSmithKline*

Eric Goldberg
GOODWIN PROCTER LLP
901 New York Ave., N.W.
Washington, D.C. 20001
*Counsel for defendant Premo Pharm.*

Elizabeth Ewert
DRINKER, BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005
*Counsel for defendant Pharmacia & Upjohn*

Jennifer Gardner Levy
KIRKLAND & ELLIS
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005
*Counsel for Defendant Abbott Labs.*

William David Sanders
MCGIVNEY & KLUGER, P.C.
23 Vreeland Avenue, Suite 220
Florham Park, NJ 07932
*Counsel for defendant Sanofi Aventis*

John Isbister
Jaime Luse
TYDINGS & ROSENBERG, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
*Counsel for defendant Elan Pharms.*

Robert M. Kelly
JACKSON & CAMPBELL, P.C.
1120 20th Street, N.W., Suite 300-South
Washington, D.C. 20036
*Counsel for Defendant Kremers-Urban Co.*

Sean C.E. McDonough
David D. Hudgins
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, VA 22314
*Counsel for defendant Person & Covey, Inc.*

/s/ Craig C. Reilly
Craig C. Reilly

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **ISABELLE ZIMMERLY GARCIA.,** | ) | |
| | ) | |
| ***Plaintiff,*** | ) | |
| | ) | **Civil Action No. 09-001113 A** |
| **v.** | ) | |
| | ) | |
| **ELI LILLY AND COMPANY, *et al.,*** | ) | |
| | ) | |
| ***Defendants.*** | ) | |

**DEFENDANT PHARMACIA & UPJOHN COMPANY LLC'S ANSWER TO COMPLAINT**

Defendant Pharmacia & Upjohn Company LLC f/k/a The Upjohn Company ("Upjohn"), by counsel, upon knowledge as to itself and upon information and belief as to all others, answers Plaintiff Isabelle Zimmerly Garcia's Complaint as follows:

1. Upjohn denies that jurisdiction is proper under 11 D.C. Code § 921 (1981 ed.).

2. Upjohn admits that it sells pharmaceutical products and that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the United States Food and Drug Administration ("FDA"). The allegation that Upjohn is "doing business" in the District of Columbia is a legal characterization and/or conclusion to which no response is required. The remainder of the allegations in Paragraph 2 are denied insofar as they are addressed to Upjohn. To the extent that the allegations in Paragraph 2 are directed to other defendants, Upjohn is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

3. Upjohn is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

**COUNT I**
**(Negligent Failure to Warn)**

3. [sic] Upjohn admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA. Upjohn denies that it "acted in concert" as alleged. Upjohn is without knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 3; therefore, those allegations are denied.

4. [sic] Upjohn denies the allegations in Paragraph 4.

5. [sic] Upjohn denies the allegations in Paragraph 5.

6. [sic] Upjohn denies the allegations in Paragraph 6.

**COUNT II**
**(Negligent Failure to Test)**

7. [sic] Upjohn incorporates by reference its answers to the allegations in Count I.

8. [sic] Upjohn denies the allegations in Paragraph 8, except admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA.

9. [sic] Upjohn denies the allegations in Paragraph 9.

10. [sic] Upjohn denies the allegations in Paragraph 10.

**COUNT III**
**(Strict Liability)**

11. [sic] Upjohn incorporates by reference its answers to the allegations in Counts I and II.

12. [sic] Upjohn denies the allegations in Paragraph 12.

13. [sic] Upjohn denies the allegations in Paragraph 13, except admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA.

14. [sic] Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 14; therefore, those allegations are denied.

15. [sic] Upjohn denies the allegations in Paragraph 15, except admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA..

16. [sic] Upjohn denies the allegations in Paragraph 16.

17. [sic] Upjohn denies the allegations in Paragraph 17.

18. [sic] Upjohn denies the allegations in Paragraph 18.

**COUNT IV**
**(Breach of Warranty)**

19. [sic] Upjohn incorporates by reference its answers to the allegations in Counts I, II and III.

20. [sic] Upjohn admits that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the FDA. The remainder of the allegations in Paragraph 20 are denied insofar as they are addressed to Upjohn. To the extent that the allegations in Paragraph 20 are directed to other defendants, Upjohn is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

21. [sic] Upjohn denies the allegations in Paragraph 21.

22.. [sic] Upjohn denies the allegations in Paragraph 22.

23. [sic] Upjohn denies the allegations in Paragraph 23.

**COUNT V**
**(Misrepresentation)**

24. [sic] Upjohn incorporates by reference its answers to the allegations in Counts I, II, III and IV.

25. [sic] Upjohn denies the allegations in Paragraph 25.

26. [sic] Upjohn is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 26; therefore, those allegations are denied.

27. [sic] Upjohn denies the allegations in Paragraph 27.

28. [sic] Upjohn denies the allegations in Paragraph 28.

By way of further answer, Upjohn denies all other allegations contained in Plaintiff's Complaint which are not otherwise expressly admitted herein.

FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statutes of limitations, statutes of repose, and/or the doctrine of laches.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint and any claim for punitive damages is barred by reason of Upjohn's predecessor's compliance with all applicable federal, state, local and regulatory requirements concerning DES.

FOURTH AFFIRMATIVE DEFENSE

Upjohn states that unless its predecessor can be specifically identified as the manufacturer or distributor of the DES allegedly consumed by Plaintiff's mother, any recovery

against it would violate its rights under the United States Constitution and the constitution(s) of the governing state(s), including its right to due process and equal protection.

FIFTH AFFIRMATIVE DEFENSE

Upjohn states that to the extent Plaintiff seek to recover punitive damages, such an award would, if granted, violate its rights to due process and equal protection guaranteed to it under the United States Constitution and the constitution(s) of the governing state(s).

SIXTH AFFIRMATIVE DEFENSE

Upjohn states that venue is both improper and inconvenient in this judicial district.

SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the learned intermediary doctrine.

EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the doctrines of contributory negligence, comparative negligence and/or assumption of the risk.

NINTH AFFIRMATIVE DEFENSE

Upjohn states that its predecessor acted at all times in full conformity with the then-existing state of the art.

TENTH AFFIRMATIVE DEFENSE

Upjohn states that Plaintiff's breach of warranty claims must fail due to lack of privity and timely notice.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of preemption under the Supremacy Clause of the United States Constitution because DES has been approved as a

prescription medical product by the FDA, and has been tested, manufactured and labeled in accordance with federal standards and law.

TWELFTH AFFIRMATIVE DEFENSE

All claims raised and all causes of action asserted in the Complaint against Upjohn are barred by the doctrines of estoppel, laches, waiver, statutory compliance, contributory negligence, assumption of risk and/or misuse or abuse of such product.

THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part by the conduct of one or more persons or entities for whose conduct Upjohn was not responsible and with whom Upjohn has no legal connection.

FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were not due or caused by the fault, lack of care, negligence, strict liability, fraud, misrepresentation, or breach of duty on the part of Upjohn.

FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part through the operation of nature, idiosyncratic reaction or other intervening cause or causes.

SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses of Plaintiff.

SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to plead fraud and misrepresentation with the particularity required by Federal Rule of Civil Procedures 9(b) and should be dismissed.

EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join as defendants indispensable parties whose Joinder is necessary for this action to proceed.

NINETEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injury or damage as alleged, they were exacerbated by Plaintiff's failure to mitigate such injury or damage.

TWENTIETH AFFIRMATIVE DEFENSE

Any claims based on a breach of warranty theory are barred for lack of privity and for failure to give timely notice of any alleged breach of warranty.

TWENTY-FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter and personal jurisdiction over the claims alleged in Plaintiff's Complaint.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Upjohn adopts and incorporates by reference each and every other affirmative defense asserted by any other defendant herein.

Upjohn reserves its right to amend this Answer and/or to add additional affirmative defenses as may be appropriate.

Respectfully submitted,

By: /s/ Elizabeth Ewert

Elizabeth Ewert (#479368)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465
*Attorneys for Pharmacia & Upjohn Company LLC*

Dated: March 10, 2009

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of March, 2009, a copy of the above and foregoing **Defendant Pharmacia & Upjohn Company LLC's Answer to Complaint** was filed electronically with the Clerk of the Court, using the electronic filing system, which sent notification of such filing to all parties and counsel in this case.

/s/ Elizabeth Ewert
Elizabeth Ewert

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **ISABELLE ZIMMERLY GARCIA.,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **Civil Action No. 09-001113 A** |
| **v.** | ) | |
| | ) | |
| **ELI LILLY AND COMPANY,** ***et al.,*** | ) | |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANT PHARMACIA & UPJOHN COMPANY LLC'S**
**CERTIFICATE REQUIRED BY SUPERIOR COURT CIVIL PROCEDURE RULE 7.1**

I, the undersigned, counsel of record for Defendant Pharmacia & Upjohn Company LLC f/k/a Pharmacia & Upjohn Company f/k/a The Upjohn Company ("Upjohn"), certify that to the best of my knowledge and belief, Upjohn has the following parent companies, subsidiaries or affiliates which have any outstanding securities in the hands of the public:

- Pharmacia & Upjohn
- Pharmacia Corporation
- Pfizer, Inc.

This representation is made in order that judges of this Court may determine the need for recusal.

Respectfully submitted,

By: /s/ Elizabeth Ewert
Elizabeth Ewert (#479368)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465
*Attorneys for Pharmacia & Upjohn Company LLC*

Dated: March 10, 2009

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of March, 2009, a copy of the above and foregoing **Defendant Pharmacia & Upjohn Company LLC's 7.1 Certificate** was filed electronically with the Clerk of the Court, using the electronic filing system, which sent notification of such filing to all parties and counsel in this case.

/s/ Elizabeth Ewert
Elizabeth Ewert

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **ISABELLE ZIMMERLY GARCIA.,** | ) | |
| | ) | |
| ***Plaintiff,*** | ) | |
| | ) | **Civil Action No. 09-001113 A** |
| **v.** | ) | |
| | ) | |
| **ELI LILLY AND COMPANY, *et al.*,** | ) | |
| | ) | |
| ***Defendants.*** | ) | |

# NOTICE OF APPEARANCE

TO THE CLERK OF THIS COURT AND ALL PARTIES OF RECORD:

Please enter the appearance of Elizabeth Ewert and Michael J. McManus as counsel in this case for Defendant Pharmacia & Upjohn Company LLC.

I certify that the above-named counsel are admitted to practice in this court.

Respectfully submitted,

By: /s/ Elizabeth Ewert

Elizabeth Ewert (#479368)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465
*Attorneys for Pharmacia & Upjohn Company LLC*

Dated: March 10, 2009

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of March, 2009, a copy of the above and foregoing **Defendant Pharmacia & Upjohn Company LLC's Notice of Appearance** was filed electronically with the Clerk of the Court, using the electronic filing system, which sent notification of such filing to all parties and counsel in this case.

/s/ Elizabeth Ewert
Elizabeth Ewert

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **ISABELLE ZIMMERLY GARCIA,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **Civil Action No. 09-001113 B** |
| v. | ) | |
| | ) | |
| **ELI LILLY AND COMPANY, *et al.*,** | ) | |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANT ORTHO-MCNEIL PHARMACEUTICAL, INC.'S ANSWER TO COMPLAINT**

Defendant Ortho-McNeil Pharmaceutical, Inc. ("Ortho-McNeil"), by counsel, upon knowledge as to itself and upon information and belief as to all others, answers Plaintiff Isabelle Zimmerly Garcia's Complaint as follows:

1. Ortho-McNeil denies that jurisdiction is proper under 11 D.C. Code § 921 (1981 ed.).

2. Ortho-McNeil admits that it sells pharmaceutical products and that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the United States Food and Drug Administration ("FDA"). The allegation that Ortho-McNeil is "doing business" in the District of Columbia is a legal characterization and/or conclusion to which no response is required. The remainder of the allegations in Paragraph 2 are denied insofar as they are addressed to Ortho-McNeil. To the extent that the allegations in Paragraph 2 are directed to other

defendants, Ortho-McNeil is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

3. Ortho-McNeil is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

**COUNT I**

**(Negligent Failure to Warn)**

3. [sic] Ortho-McNeil admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA. Ortho-McNeil denies that it "acted in concert" as alleged. Ortho-McNeil is without knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 3; therefore, those allegations are denied.

4. [sic] Ortho-McNeil denies the allegations in Paragraph 4.

5. [sic] Ortho-McNeil denies the allegations in Paragraph 5.

6. [sic] Ortho-McNeil denies the allegations in Paragraph 6.

**COUNT II**
**(Negligent Failure to Test)**

7. [sic] Ortho-McNeil incorporates by reference its answers to the allegations in Count I.

8. [sic] Ortho-McNeil denies the allegations in Paragraph 8, except admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA.

9. [sic] Ortho-McNeil denies the allegations in Paragraph 9.

10. [sic] Ortho-McNeil denies the allegations in Paragraph 10.

**COUNT III**
**(Strict Liability)**

11. [sic] Ortho-McNeil incorporates by reference its answers to the allegations in Counts I and II.

12. [sic] Ortho-McNeil denies the allegations in Paragraph 12.

13. [sic] Ortho-McNeil denies the allegations in Paragraph 13, except admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA.

14. [sic] Ortho-McNeil is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 14; therefore, those allegations are denied.

15. [sic] Ortho-McNeil denies the allegations in Paragraph 15.

16. [sic] Ortho-McNeil denies the allegations in Paragraph 16.

17. [sic] Ortho-McNeil denies the allegations in Paragraph 17.

18. [sic] Ortho-McNeil denies the allegations in Paragraph 18.

**COUNT IV**
**(Breach of Warranty)**

19. [sic] Ortho-McNeil incorporates by reference its answers to the allegations in Counts I, II and III.

20. [sic] Ortho-McNeil admits that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the FDA. The remainder of the allegations in Paragraph 20 are denied insofar as they are addressed to Ortho-McNeil. To the extent that the allegations in Paragraph 20 are directed to other defendants,

Ortho-McNeil is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

21. [sic] Ortho-McNeil denies the allegations in Paragraph 21.

22. [sic] Ortho-McNeil denies the allegations in Paragraph 22.

23. [sic] Ortho-McNeil denies the allegations in Paragraph 23.

**COUNT V**
**(Misrepresentation)**

24. [sic] Ortho-McNeil incorporates by reference its answers to the allegations in Counts I through IV.

25. [sic] Ortho-McNeil denies the allegations in Paragraph 25.

26. [sic] Ortho-McNeil is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 26; therefore, those allegations are denied.

27. [sic] Ortho-McNeil denies the allegations in Paragraph 27.

28. [sic] Ortho-McNeil denies the allegations in Paragraph 28.

By way of further answer, Ortho-McNeil denies all other allegations contained in Plaintiff's Complaint which are not otherwise expressly admitted herein.

FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statutes of limitations, statutes of repose, and/or the doctrine of laches.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint and any claim for punitive damages are barred by reason of Ortho-McNeil's predecessor's compliance with all applicable federal, state, local and regulatory requirements concerning DES.

FOURTH AFFIRMATIVE DEFENSE

Ortho-McNeil states that unless its predecessor can be specifically identified as the manufacturer or distributor of the DES allegedly consumed by Plaintiff's mother, any recovery against it would violate its rights under the United States Constitution and the constitution(s) of the governing state(s), including its right to due process and equal protection.

FIFTH AFFIRMATIVE DEFENSE

Ortho-McNeil states that to the extent Plaintiff seeks to recover punitive damages from it, such an award would, if granted, violate its rights to due process and equal protection guaranteed to it under the United States Constitution and the constitution(s) of the governing state(s).

SIXTH AFFIRMATIVE DEFENSE

Ortho-McNeil states that venue is both improper and inconvenient in this judicial district.

SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the learned intermediary doctrine.

EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the doctrines of contributory negligence, comparative negligence and/or assumption of the risk.

NINTH AFFIRMATIVE DEFENSE

Ortho-McNeil states that its predecessor acted at all times in full conformity with the then-existing state of the art.

TENTH AFFIRMATIVE DEFENSE

Ortho-McNeil states that Plaintiff's breach of warranty claims must fail due to lack of privity and timely notice.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of preemption under the Supremacy Clause of the United States Constitution because DES has been approved as a prescription medical product by the FDA, and has been tested, manufactured and labeled in accordance with federal standards and law.

TWELFTH AFFIRMATIVE DEFENSE

All claims raised and all causes of action asserted in the Complaint against Ortho-McNeil are barred by the doctrines of estoppel, laches, waiver, statutory compliance, contributory negligence, assumption of risk and/or misuse or abuse of such product.

THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part by the conduct of one or more persons or entities for whose

conduct Ortho-McNeil was not responsible and with whom Ortho-McNeil has no legal connection.

FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were not due to or caused by the fault, lack of care, negligence, strict liability, fraud, misrepresentation, or breach of duty on the part of Ortho-McNeil.

FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part through the operation of nature, idiosyncratic reaction or other intervening cause or causes.

SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses of Plaintiff.

SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to plead fraud and misrepresentation with the particularity required by Federal Rule of Civil Procedures 9(b) and should be dismissed.

EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join as defendants indispensable parties whose Joinder is necessary for this action to proceed.

NINETEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injury or damage as alleged, they were exacerbated by Plaintiff's failure to mitigate such injury or damage.

TWENTIETH AFFIRMATIVE DEFENSE

Any claims based on a breach of warranty theory are barred for lack of privity and for failure to give timely notice of any alleged breach of warranty.

TWENTY-FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter and personal jurisdiction over the claims alleged in Plaintiff's Complaint.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Ortho-McNeil adopts and incorporates by reference each and every other affirmative defense asserted by any other defendant herein.

Ortho-McNeil reserves its right to amend this Answer and/or to add additional affirmative defenses as may be appropriate.

Respectfully submitted,

By: /s/ Elizabeth Ewert

Elizabeth Ewert (#479368)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465
*Attorneys for Ortho-McNeil Pharmaceutical, Inc.*

Dated: March 10, 2009

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of March, 2009, a copy of the above and foregoing **Defendant Ortho-McNeil Pharmaceutical, Inc.'s Answer to Complaint** was filed electronically with the Clerk of the Court, using the electronic filing system, which sent notification of such filing to all parties and counsel in this case.

/s/ Elizabeth Ewert
Elizabeth Ewert

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **ISABELLE ZIMMERLY GARCIA.,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **Civil Action No. 09-001113 A** |
| v. | ) | |
| | ) | |
| **ELI LILLY AND COMPANY,** ***et al.,*** | ) | |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANT ORTHO-MCNEIL PHARMACEUTICAL, INC.'S CERTIFICATE REQUIRED BY SUPERIOR COURT CIVIL PROCEDURE RULE 7.1**

I, the undersigned, counsel of record for Defendant Ortho-McNeil Pharmaceutical, Inc. ("Ortho-McNeil"), certify that to the best of my knowledge and belief, Ortho-McNeil has the following parent companies, subsidiaries or affiliates which have any outstanding securities in the hands of the public:

- Johnson & Johnson

This representation is made in order that judges of this Court may determine the need for recusal.

Respectfully submitted,

By: /s/ Elizabeth Ewert

Elizabeth Ewert (#479368)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465
*Attorneys for Ortho-McNeil Pharmaceutical, Inc.*

Dated: March 10, 2009

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of March, 2009, a copy of the above and foregoing **Defendant Ortho-McNeil Pharmaceutical, Inc.'s 7.1 Certificate** was filed electronically with the Clerk of the Court, using the electronic filing system, which sent notification of such filing to all parties and counsel in this case.

/s/ Elizabeth Ewert
Elizabeth Ewert

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **ISABELLE ZIMMERLY GARCIA.,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **Civil Action No. 09-001113 A** |
| v. | ) | |
| | ) | |
| **ELI LILLY AND COMPANY,** ***et al.,*** | ) | |
| | ) | |
| *Defendants.* | ) | |

**NOTICE OF APPEARANCE**

TO THE CLERK OF THIS COURT AND ALL PARTIES OF RECORD:

Please enter the appearance of Elizabeth Ewert as counsel in this case for Defendant Ortho-McNeil Pharmaceutical, Inc.

I certify that the above-named counsel are admitted to practice in this court.

Respectfully submitted,

By: /s/ Elizabeth Ewert

Elizabeth Ewert (#479368)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465
*Attorneys for Ortho-McNeil Pharmaceutical, Inc.*

Dated: March 10, 2009

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of March, 2009, a copy of the above and foregoing **Defendant Ortho-McNeil Pharmaceutical, Inc.'s Entry of Appearance** was filed electronically with the Clerk of the Court, using the electronic filing system, which sent notification of such filing to all parties and counsel in this case.

/s/ Elizabeth Ewert
Elizabeth Ewert

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **ISABELLE ZIMMERLY GARCIA,** | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | **Civil Action No. 09-01113 A** |
| **v.** | ) | |
| | ) | |
| **ELI LILLY AND COMPANY,** ***et al.,*** | ) | |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANT MERCK & CO., INC.'S ANSWER TO COMPLAINT**

Defendant Merck & Co., Inc. ("Merck"), by counsel, upon knowledge as to itself and upon information and belief as to all others, answers Plaintiff Isabelle Zimmerly Garcia's Complaint as follows:

1. Merck denies that jurisdiction is proper under 11 D.C. Code § 921 (1981 ed.).

2. Merck admits that it sells pharmaceutical products and that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the United States Food and Drug Administration ("FDA"). The allegation that Merck is "doing business" in the District of Columbia is a legal characterization and/or conclusion to which no response is required. The remainder of the allegations in Paragraph 2 are denied insofar as they are addressed to Merck. To the extent that the allegations in Paragraph 2 are directed to other defendants, Merck is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

3. Merck is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

**COUNT I**
**(Negligent Failure to Warn)**

3. [sic] Merck admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA. Merck denies that it "acted in concert" as alleged. Merck is without knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 3; therefore, those allegations are denied.

4. [sic] Merck denies the allegations in Paragraph 4.

5. [sic] Merck denies the allegations in Paragraph 5.

6. [sic] Merck denies the allegations in Paragraph 6.

**COUNT II**
**(Negligent Failure to Test)**

7. [sic] Merck incorporates by reference its answers to the allegations in Count I.

8. [sic] Merck denies the allegations in Paragraph 8, except admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA.

9. [sic] Merck denies the allegations in Paragraph 9.

10. [sic] Merck denies the allegations in Paragraph 10.

**COUNT III**
**(Strict Liability)**

11. [sic] Merck incorporates by reference its answers to the allegations in Counts I and II.

12. [sic] Merck denies the allegations in Paragraph 12.

13. [sic] Merck denies the allegations in Paragraph 13, except admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA.

14. [sic] Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 14; therefore, those allegations are denied.

15. [sic] Merck denies the allegations in Paragraph 15, except admits that its predecessor company at various times sold diethylstilbestrol (DES), which was approved by the FDA.

16. [sic] Merck denies the allegations in Paragraph 16.

17. [sic] Merck denies the allegations in Paragraph 17.

18. [sic] Merck denies the allegations in Paragraph 18.

**COUNT IV**
**(Breach of Warranty)**

19. [sic] Merck incorporates by reference its answers to the allegations in Counts I, II and III.

20. [sic] Merck admits that its predecessor company, at various times sold diethylstilbestrol (DES), which was approved by the FDA. The remainder of the allegations in Paragraph 20 are denied insofar as they are addressed to Merck. To the extent that the allegations in Paragraph 20 are directed to other defendants, Merck is without knowledge or information sufficient to either admit or deny those allegations; therefore, they are denied.

21. [sic] Merck denies the allegations in Paragraph 21.

22. [sic] Merck denies the allegations in Paragraph 22.

23. [sic] Merck denies the allegations in Paragraph 23.

**COUNT V**
**(Misrepresentation)**

24. [sic] Merck incorporates by reference its answers to the allegations in Counts I, II, III and IV.

25. [sic] Merck denies the allegations in Paragraph 25.

26. [sic] Merck is without knowledge or information sufficient to either admit or deny the allegations in Paragraph 26; therefore, those allegations are denied.

27. [sic] Merck denies the allegations in Paragraph 27.

28. [sic] Merck denies the allegations in Paragraph 28.

By way of further answer, Merck denies all other allegations contained in Plaintiff's Complaint which are not otherwise expressly admitted herein.

FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statutes of limitations, statutes of repose, and/or the doctrine of laches.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint and any claim for punitive damages is barred by reason of Merck's predecessor's compliance with all applicable federal, state, local and regulatory requirements concerning DES.

FOURTH AFFIRMATIVE DEFENSE

Merck states that unless its predecessor can be specifically identified as the manufacturer or distributor of the DES allegedly consumed by Plaintiff's mother, any recovery against it would violate its rights under the United States Constitution and the constitution(s) of the governing state(s), including its right to due process and equal protection.

FIFTH AFFIRMATIVE DEFENSE

Merck states that to the extent Plaintiff seeks to recover punitive damages, such an award would, if granted, violate its rights to due process and equal protection guaranteed to it under the United States Constitution and the constitution(s) of the governing state(s).

SIXTH AFFIRMATIVE DEFENSE

Merck states that venue is both improper and inconvenient in this judicial district.

SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the learned intermediary doctrine.

EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the doctrines of contributory negligence, comparative negligence and/or assumption of the risk.

NINTH AFFIRMATIVE DEFENSE

Merck states that its predecessor acted at all times in full conformity with the then-existing state of the art.

TENTH AFFIRMATIVE DEFENSE

Merck states that Plaintiff's breach of warranty claims must fail due to lack of privity and timely notice.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of preemption under the Supremacy Clause of the United States Constitution because DES has been approved as a prescription medical product by the FDA, and has been tested, manufactured and labeled in accordance with federal standards and law.

TWELFTH AFFIRMATIVE DEFENSE

All claims raised and all causes of action asserted in the Complaint against Merck are barred by the doctrines of estoppel, laches, waiver, statutory compliance, contributory negligence, assumption of risk and/or misuse or abuse of such product.

THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part by the conduct of one or more persons or entities for whose conduct Merck was not responsible and with whom Merck has no legal connection.

FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were not due or caused by the fault, lack of care, negligence, strict liability, fraud, misrepresentation, or breach of duty on the part of Merck.

FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part through the operation of nature, idiosyncratic reaction or other intervening cause or causes.

SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses of Plaintiff.

SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to plead fraud and misrepresentation with the particularity required by Federal Rule of Civil Procedures 9(b) and should be dismissed.

EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join as defendants indispensable parties whose Joinder is necessary for this action to proceed.

NINETEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injury or damage as alleged, they were exacerbated by Plaintiff's failure to mitigate such injury or damage.

TWENTIETH AFFIRMATIVE DEFENSE

Any claims based on a breach of warranty theory are barred for lack of privity and for failure to give timely notice of any alleged breach of warranty.

TWENTY-FIRST AFFIRMATIVE DEFENSE

This Court lacks subject matter and personal jurisdiction over the claims alleged in Plaintiff's Complaint.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Merck adopts and incorporates by reference each and every other affirmative defense asserted by any other defendant herein.

Merck reserves its right to amend this Answer and/or to add additional affirmative defenses as may be appropriate.

Respectfully submitted,

By: /s/ Elizabeth Ewert

Elizabeth Ewert (#479368)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465
*Attorneys for Merck & Co., Inc.*

Dated: March 10, 2009

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of March, 2009, a copy of the above and foregoing **Defendant Merck & Co., Inc.'s Answer to Complaint** was filed electronically with the Clerk of the Court, using the electronic filing system, which sent notification of such filing to all parties and counsel in this case.

/s/ Elizabeth Ewert
Elizabeth Ewert

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **ISABELLE ZIMMERLY GARCIA.,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **Civil Action No. 09-001113 A** |
| v. | ) | |
| | ) | |
| **ELI LILLY AND COMPANY,** ***et al.,*** | ) | |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANT MERCK & CO., INC.'S**
**CERTIFICATE REQUIRED BY SUPERIOR COURT CIVIL PROCEDURE RULE 7.1**

I, the undersigned, counsel of record for Defendant Merck & Co., Inc. ("Merck"), certify that to the best of my knowledge and belief, Merck has no parent companies, subsidiaries or affiliates which have any outstanding securities in the hands of the public.

This representation is made in order that judges of this Court may determine the need for recusal.

Respectfully submitted,

By: /s/ Elizabeth Ewert
Elizabeth Ewert (#479368)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465
*Attorneys for Merck & Co., Inc.*

Dated: March 10, 2009

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of March, 2009, a copy of the above and foregoing **Defendant Merck & Co., Inc.'s Certificate Required By Superior Court Civil Procedure Rule 7.1** was filed electronically with the Clerk of the Court, using the electronic filing system, which sent notification of such filing to all parties and counsel in this case.

/s/ Elizabeth Ewert
Elizabeth Ewert

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| **ISABELLE ZIMMERLY GARCIA.,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | **Civil Action No. 09-001113 A** |
| **v.** | ) | |
| | ) | |
| **ELI LILLY AND COMPANY,** ***et al.,*** | ) | |
| | ) | |
| *Defendants.* | ) | |

**NOTICE OF APPEARANCE**

TO THE CLERK OF THIS COURT AND ALL PARTIES OF RECORD:

Please enter the appearance of Elizabeth Ewert and Michael J. McManus as counsel in this case for Defendant Merck & Co., Inc.

I certify that the above-named counsel are admitted to practice in this court.

Respectfully submitted,

By: /s/ Elizabeth Ewert
Elizabeth Ewert (#479368)
Michael J. McManus (#262832)
DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
Telephone: 202/842-8800
Telecopier: 202/842-8465
*Attorneys for Merck & Co., Inc.*

Dated: March 10, 2009

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of March, 2009, a copy of the above and foregoing **Defendant Merck & Co., Inc.'s Notice of Appearance** was filed electronically with the Clerk of the Court, using the electronic filing system, which sent notification of such filing to all parties and counsel in this case.

/s/ Elizabeth Ewert
Elizabeth Ewert

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
Civil Division

ISABELLE ZIMMERLY GARCIA *

Plaintiff, * 09-CV-01113B
Judge Brian Holeman
* Next Court Event:
v. Initial Conference on May 29, 2009
* at 9:30am

ELI LILLY AND COMPANY, et al.
*
Defendants.

* * * * * * * * * * *

**ANSWER TO COMPLAINT**

GlaxoSmithKline ("GSK"), by its undersigned attorneys, states as follows in answer to Plaintiff's Complaint:

**Preliminary Statement**

GSK states that to the extent the averments in the Complaint refer generally to "defendants," GSK answers these allegations as to itself. GSK denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Complaint to the extent that such allegations refer or relate to defendants other than GSK. GSK further denies all averments made in any heading of the Complaint. As to the specific allegations of the Complaint, GSK states as follows:

1. Denied. The averments set forth in paragraph 1 of the Complaint are legal conclusions to which no responsive pleading is required, and are therefore deemed denied.

2. Admitted in part, denied in part. GSK admits that it manufactures and distributes certain pharmaceuticals, and that is has done and presently does business in

the United States, including the District of Columbia. GSK denies the remaining averments set forth in paragraph 2 of the Complaint.

3. Denied. GSK denies the plaintiff's exposure to its product at issue. GSK is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3 of the Complaint, and therefore denies the same

**Count I**
**(Negligent Failure to Warn)**

*Plaintiff's Complaint contains two consecutive paragraphs numbered 3. For ease of reference, GSK's Answer follows this erroneous numbering system.*

3. Denied. GSK denies the averments set forth in paragraph 3 of the Complaint as they relate to GSK.

4. Denied. GSK denies the averments set forth in paragraph 4 of the Complaint.

5. Denied. GSK denies the averments set forth in paragraph 5 of the Complaint.

6. Denied. GSK denies the averments set forth in paragraph 6 of the Complaint.

**Count II**
**(Negligent Failure to Test)**

7. GSK restates and reavers its responses to the averments of all preceding paragraphs of the Complaint, as if fully set forth herein.

8. Denied. GSK denies the averments set forth in paragraph 8 of the Complaint.

9. Denied. GSK denies the averments set forth in paragraph 9 of the Complaint

10. Denied. GSK denies the averments set forth in paragraph 10 of the Complaint.

**Count III**
**(Strict Liability)**

11. GSK reavers and restates its responses to the averments of all preceding paragraphs of the Complaint, as if fully set forth herein.

12. Denied. GSK denies the averments set forth in paragraph 12 of the Complaint.

13. Admitted in part, denied in part. GSK admits that it manufactures and distributes certain pharmaceuticals, and GSK denies the remaining averments in paragraph 13 of the Complaint.

14. Denied. GSK denies the plaintiff's exposure to its product at issue. GSK is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14 of the Complaint, and therefore denies the same.

15. Denied. GSK denies the averments set forth in paragraph 15 of the Complaint.

16. Denied. GSK denies the averments set forth in paragraph 16 of the Complaint.

17. Denied. GSK denies the averments set forth in paragraph 17 of the Complaint.

18. Denied. GSK denies the averments set forth in paragraph 18 of the Complaint.

**Count IV**
**(Breach of Warranty)**

19. GSK reavers and restates its responses to the averments of all preceding paragraphs of the Complaint, as if fully set forth herein.

20. Denied. The averments set forth in paragraph 20 of the Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

21. Denied. The averments set forth in paragraph 21 of the Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

22. Denied. GSK denies the averments set forth in paragraph 22 of the Complaint.

23. Denied. GSK denies the averments set forth in paragraph 23 of the Complaint.

**Count V**
**(Misrepresentation)**

24. GSK reavers and restates its responses to the averments of preceding paragraphs of the Complaint, as if fully set forth herein.

25. Denied. GSK denies the averments set forth in paragraph 25 of the Complaint.

26. Denied. GSK denies the averments set forth in paragraph 26 of the Complaint.

27. Denied. GSK denies the averments set forth in paragraph 27 of the Complaint.

28. Denied. GSK denies the averments set forth in paragraph 28 of the Complaint.

In response to the unnumbered paragraph following the paragraph numbered 28 of the Complaint, GSK states that this paragraph is a demand for relief to which GSK responds that plaintiff is not entitled to any relief, including the relief requested therein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. Plaintiff's claims based upon GSK's alleged duty to warn are barred by the learned intermediary doctrine.

### SECOND DEFENSE

2. GSK states that the allegations set forth in the Complaint, and each and every count and claim thereof, fail to state a claim against GSK upon which relief can be granted.

### THIRD DEFENSE

3. GSK states that the cause or causes of action set forth in the Complaint were at the time of the filing of this action and are now barred by the applicable statute of limitations.

### FOURTH DEFENSE

4. GSK states that the cause or causes of action set forth in the Complaint were at the time of the filing of this action and are now barred by the doctrine of laches.

### FIFTH DEFENSE

5. The causes of action set forth in the Complaint are barred in whole or in part by the applicable statute of repose.

**SIXTH DEFENSE**

6. GSK states that the plaintiff's natural mother knowingly and intentionally assumed the risks, if any, inherent in the use of diethylstilbestrol ("DES"), which is a complete bar to plaintiff's recovery in this case.

**SEVENTH DEFENSE**

7. If plaintiff is unable to identify and prove the specific manufacturer of the alleged injury-causing product, she fails to state a claim upon which relief can be granted in that she has asserted claims for relief which, if granted, would violate the public policy of the District of Columbia and of any state whose law might be deemed to apply, and constitute a denial by this Court of GSK's federal and state constitutional rights to due process of law, equal protection of the law, and to be free from the imposition of state law liabilities that interfere with the federal regulation of pharmaceutical products and the free flow of commerce between and among the states.

**EIGHTH DEFENSE**

8. Because plaintiff is unable to identify and prove the specific manufacturer of the alleged injury-causing product, she lacks standing to pursue this action.

**NINTH DEFENSE**

9. GSK states that in the event a sale is pleaded or determined upon trial, or in the event reliance is placed upon a breach of warranty, whether express or implied, this action is barred since there was no reliance upon any warranties, if any, of GSK.

**TENTH DEFENSE**

10. GSK states that DES was and has been formulated, tested, manufactured, processed and labeled in accordance with the provisions of the Federal Food, Drug and Cosmetic Act and regulations promulgated thereto. Accordingly, plaintiff's claims, predicated on state tort law, are preempted or barred by the Supremacy Clause of the United States Constitution.

**ELEVENTH DEFENSE**

11. GSK states that plaintiff's claims may be barred by contributory negligence, which was a direct and proximate cause of the plaintiff's alleged conditions, which is a complete bar to plaintiff's recovery in this case.

**TWELFTH DEFENSE**

12. Plaintiff has failed to join all necessary parties.

**THIRTEENTH DEFENSE**

13. If plaintiff sustained the injuries alleged in the Complaint, which is denied, there was an intervening cause or causes leading to these alleged injuries, and therefore, any action on the part of GSK was not the proximate and/or competent producing cause of the alleged injuries.

**FOURTEENTH DEFENSE**

14. If plaintiff sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused solely by the conduct of one or more third persons for whose conduct GSK is not responsible or with whom GSK has no legal relation.

**FIFTEENTH DEFENSE**

15. If plaintiff sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused by factors other than exposure to DES, and were not due to or caused by the fault, lack of care, negligence or any breach of duty by GSK.

**SIXTEENTH DEFENSE**

16. GSK states that plaintiff failed to give notice of the alleged defects within the time limitations imposed by law.

**SEVENTEENTH DEFENSE**

17. Upon information and belief, if the injuries referred to in the Complaint were caused by DES manufactured by GSK, which is denied, the injuries are the result of an idiosyncratic reaction on the part of the plaintiff's natural mother and/or plaintiff to the drug.

**EIGHTEENTH DEFENSE**

18. If DES manufactured by GSK was involved in the injuries claimed by the plaintiff, which is denied, upon information and belief, the use of DES was improper or not in accordance with prescribed, correct procedures. . In particular, as to DES manufactured by Burroughs Wellcome Company ("BW"), BW never indicated, labeled, marketed or sought regulatory approval for use of its product during pregnancy Accordingly, the DES was abused, misused and applied for purposes other than those which were indicated or intended by GSK, which is a complete bar to plaintiff's recovery in this case.

**NINETEENTH DEFENSE**

19. At all times relevant hereto, the benefits of DES outweighed the risks, if any, which may have been attendant to its use.

**TWENTIETH DEFENSE**

20. Some or all of the plaintiff's claims are barred by collateral estoppel and *res judicata*.

**TWENTY-FIRST DEFENSE**

21. If plaintiff sustained injuries or incurred expenses as alleged, which is denied, the risks complained of by plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state-of-the-art and were not discoverable using procedures required by federal or state regulatory authorities charged with supervision or licensing of the product as of the time GSK sold or otherwise parted with possession and control of the product in question. Accordingly, GSK's product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled, and sold and therefore plaintiff is barred from recovery.

**TWENTY-SECOND DEFENSE**

22. At all applicable times, GSK fully complied with all applicable federal, state, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food, Drug, and Cosmetic Act, and promulgated by the Federal Food and Drug Administration.

**TWENTY-THIRD DEFENSE**

23. Venue is improper in this Court.

**TWENTY-FOURTH DEFENSE**

24. GSK states that it incorporates by reference and makes a part hereof all other applicable affirmative defenses set forth in the Answers by any other defendant and intends to rely on other affirmative defenses, which may become available or apparent during discovery, and hereby reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, GSK respectfully requests that this Honorable Court enter an Order dismissing plaintiff's Complaint with prejudice, or for such other relief as the nature of this cause may require.

Respectfully submitted,

/s/Janet K. Coleman

Janet K. Coleman (Bar No.: 497902)
WHITNEY & BOGRIS, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
(410) 583-8000
jcoleman@whitneybogris.com

**Attorneys for GLAXOSMITHKLINE**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 12th 2009, I caused DEFENDANT GLAXOSMITHKLINE'S ANSWER TO PLAINTIFF'S COMPLAINT to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an e-notice of this filing to the e-filing participants in this matter.

| | |
|---|---|
| Aaron M. Levine, Esquire<br>Aaron M. Levin & Associates<br>1320 19th Street, N.W., Suite 500<br>Washington, D.C. 20036<br>**Attorneys for Plaintiffs** | Jennifer Gardner Levy, Esquire<br>Kirkland & Ellis<br>655 Fifteenth Street, N.W., Suite 1200<br>Washington, D.C. 20005<br>**Attorneys for Abbott Laboratories** |
| John Isbister, Esquire<br>Tydings and Rosenberg, LLP<br>100 East Pratt Street, Suite 2600<br>Baltimore, MD 21202<br>**Attorneys for Elan Pharmaceuticals** | Sidney G. Leech, Esquire<br>Goodell, DeVries, Leech & Dann, LLP<br>One South Street, 29th Floor<br>Baltimore, Maryland 21202<br>**Attorneys for Bristol Myers Squibb Company** |
| Craig C. Reilly, Esquire<br>111 Oronoco Street<br>Alexandria, Virginia 22314<br>**Attorney for Dart Industries, Inc.** | John Coots, Esquire<br>Michelle Mangrum, Esquire<br>Shook, Hardy & Bacon LLP<br>600 Fourteenth Street, N.W.<br>Suite 800<br>Washington, DC 20005-2004<br>**Attorneys for Eli Lilly** |
| Elizabeth Ewert, Esquire<br>Drinker Biddle & Reath, LLP<br>1500 K Street NW, Suite 1100<br>Washington, D.C. 20005<br>**Attorneys for Merck & Company,Ortho-McNeil Pharm. and Pharmacia and Upjohn Company** | Robert M. Kelly, Esquire<br>Jackson & Campbell, P,C.<br>1120 20th Street, N.W., Suite 300-South<br>Washington, D.C. 20036<br>**Attorneys for Defendant Kremers-Urban, Company** |

| | |
|---|---|
| William David Sanders, Esquire<br>McGivney & Kluger, P.C.<br>23 Vreeland Avenue<br>Suite 220<br>Florham Park, NJ 07932<br>**Attorneys for Sanofi Aventis**<br>**By U.S. Mail** | Eric Goldberg, Esquire<br>Goodwin & Proctor, LLP<br>901 New York Avenue, N.W., Suite 900<br>Washington, DC 20001<br>**Attorneys for Premo Pharmaceutical Laboratories, Inc.** |

/s/ Janet K. Coleman
**ATTORNEY FOR DEFENDANT GLAXOSMITHKLINE**

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
Civil Division

Isabelle Zimmerly Garcia *

Plaintiff * Case No. 09 CV 001113 B

v. *

ELI LILLY & CO., et. al. *

Defendants
* * * * * * * * * * *

**Rule 7.1 Disclosure Statement**

The undersigned, counsel for Defendant, SmithKline Beecham Corporation, d/b/aGlaxoSmithKline, furnishes the following in compliance with Rule 7.1

GlaxoSmithKline, plc, a publicly traded company, is the ultimate parent corporation, through several levels of wholly owned subsidiaries, of defendant, SmithKline Beecham Corporation d/b/a GlaxoSmithKline. No publicly held company owns ten percent of the stock of GlaxoSmithKline plc.

These representations are made in order that the judges of this Court may determine the need for recusal.

/s/
Janet K. Coleman (497902)
WHITNEY & BOGRIS, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
(410) 583-8000
**Attorneys for GLAXOSMITHKLINE**

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of March 2009, I caused GlaxoSmithKline's Corporate Disclosure to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, which sent e-notice of this filing to the participating attorneys of record.

| | |
|---|---|
| Aaron M. Levine, Esquire<br>Aaron M. Levin & Associates<br>1320 19th Street, N.W., Suite 500<br>Washington, D.C. 20036<br>**Attorneys for Plaintiffs** | Jennifer Gardner Levy, Esquire<br>Kirkland & Ellis<br>655 Fifteenth Street, N.W., Suite 1200<br>Washington, D.C. 20005<br>**Attorneys for Abbott Laboratories** |
| John Isbister, Esquire<br>Tydings and Rosenberg, LLP<br>100 East Pratt Street, Suite 2600<br>Baltimore, MD 21202<br>**Attorneys for Elan Pharmaceuticals** | Sidney G. Leech, Esquire<br>Goodell, DeVries, Leech & Dann, LLP<br>One South Street, 29th Floor<br>Baltimore, Maryland 21202<br>**Attorneys for Bristol Myers Squibb Company** |
| Craig C. Reilly, Esquire<br>111 Oronoco Street<br>Alexandria, Virginia 22314<br>**Attorney for Dart Industries, Inc.** | John Coots, Esquire<br>Michelle Mangrum, Esquire<br>Shook, Hardy & Bacon LLP<br>600 Fourteenth Street, N.W.<br>Suite 800<br>Washington, DC 20005-2004<br>**Attorneys for Eli Lilly** |
| Elizabeth Ewert, Esquire<br>Drinker Biddle & Reath, LLP<br>1500 K Street NW, Suite 1100<br>Washington, D.C. 20005<br>**Attorneys for Merck & Company,Ortho-McNeil Pharm. and Pharmacia and Upjohn Company** | Robert M. Kelly, Esquire<br>Jackson & Campbell, P,C.<br>1120 20th Street, N.W., Suite 300-South<br>Washington, D.C. 20036<br>**Attorneys for Defendant Kremers-Urban, Company** |
| Eric Goldberg, Esquire<br>Goodwin & Proctor, LLP<br>901 New York Avenue, N.W., Suite 900<br>Washington, DC 20001<br>**Attorneys for Premo Pharmaceutical Laboratories, Inc.** | |

In addition, this document was served by U.S. mail on:

William David Sanders, Esquire
McGivney & Kluger, P.C.
23 Vreeland Avenue
Suite 220
Florham Park, NJ 07932
**Attorneys for Sanofi Aventis**

/s/ Janet K. Coleman
**ATTORNEY FOR DEFENDANT GLAXOSMITHKLINE**

/s/Janet K. Coleman

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| ISABELLE ZIMMERLY GARCIA | * | |
| Plaintiff, | * | Civil Action No. 09-CV-001113B<br>Judge Brian F. Holeman<br>Next Court Event:<br>Initial Conference May 29, 2009 |
| v. | * | |
| ELI LILLY AND COMPANY, et al., | * | |
| Defendants. | * | |

* * * * * * * * * * * *

## ANSWER TO COMPLAINT

Defendant Mallinckrodt Inc. ("Mallinckrodt"), by its undersigned attorneys, states as follows in answer to Plaintiff's Complaint:

### Preliminary Statement

Mallinckrodt states that to the extent the averments in the Complaint refer generally to "defendants," Mallinckrodt answers these allegations as to itself. Mallinckrodt denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the Complaint to the extent that such allegations refer or relate to defendants other than Mallinckrodt. Mallinckrodt further denies all averments made in any heading of the Complaint. As to the specific allegations of the Complaint, Mallinckrodt states as follows:

1. Denied. The averments set forth in paragraph 1 of the Complaint are legal conclusions to which no responsive pleading is required, and therefore are deemed denied.

2. Admitted in part, denied in part. Mallinckrodt admits that it manufactures and distributes certain pharmaceuticals, and that is has done and presently does business in the United States, including the District of Columbia. Mallinckrodt denies the remaining averments set forth in paragraph 2 of the Complaint.

3. Denied. Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph 3 of the Complaint and therefore denies these averments.

**Count I**
**(Negligent Failure to Warn)**

*Plaintiff's Complaint contains two consecutive paragraphs numbered as paragraph 3. For ease of reference, Mallinckrodt's Answer follows this erroneous numbering system.*

3. Denied. Mallinckrodt denies the averments set forth in paragraph 3 of the Complaint as they relate to Mallinckrodt.

4. Denied. Mallinckrodt denies the averments set forth in paragraph 4 of the Complaint.

5. Denied. Mallinckrodt denies the averments set forth in paragraph 5 of the Complaint.

6. Denied. Mallinckrodt denies the averments set forth in paragraph 6 of the Complaint.

**Count II**
**(Negligent Failure to Test)**

7. Mallinckrodt restates and reavers its responses to the averments of all preceding paragraphs of the Complaint, as if fully set forth herein.

8. Denied. Mallinckrodt denies the averments set forth in paragraph 8 of the Complaint.

9. Denied. Mallinckrodt denies the averments set forth in paragraph 9 of the Complaint.

10. Denied. Mallinckrodt denies the averments set forth in paragraph 10 of the Complaint.

**Count III**
**(Strict Liability)**

11. Mallinckrodt reavers and restates its responses to the averments of all preceding paragraphs of the Complaint, as if fully set forth herein.

12. Denied. Mallinckrodt denies the averments set forth in paragraph 12 of the Complaint.

13. Denied. Mallinckrodt denies the averments set forth in paragraph 13 of the Complaint.

14. Denied. Mallinckrodt denies the plaintiff's exposure to its product at issue. Mallinckrodt is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14 of the Complaint, and therefore denies the same.

15. Denied. Mallinckrodt denies the averments set forth in paragraph 15 of the Complaint.

16. Denied. Mallinckrodt denies the averments set forth in paragraph 16 of the Complaint.

17. Denied. Mallinckrodt denies the averments set forth in paragraph 17 of the Complaint.

18. Denied. Mallinckrodt denies the averments set forth in paragraph 18 of the Complaint.

**Count IV**
**(Breach of Warranty)**

19. Mallinckrodt reavers and restates its responses to the averments of all preceding paragraphs of the Complaint, as if fully set forth herein.

20. Denied. The averments set forth in paragraph 20 of the Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

21. Denied. The averments set forth in paragraph 21 of Complaint are conclusions of law to which no responsive pleading is required, and are therefore deemed denied.

22. Denied. Mallinckrodt denies the averments set forth in paragraph 22 of the Complaint.

23. Denied. Mallinckrodt denies the averments set forth in paragraph 23 of the Complaint.

**Count V**
**(Misrepresentation)**

24. Mallinckrodt reavers and restates its responses to the averments of all preceding paragraphs of the Complaint, as if fully set forth herein.

25. Denied. Mallinckrodt denies the averments set forth in paragraph 25 of the Complaint.

26. Denied. Mallinckrodt denies the averments set forth in paragraph 26 of the Complaint.

27. Denied. Mallinckrodt denies the averments set forth in paragraph 27 of the Complaint.

28. Denied. Mallinckrodt denies the averments set forth in paragraph 28 of the Complaint.

In response to the unnumbered paragraph following paragraph 28 of the Complaint, Mallinckrodt states that this paragraph is a demand for relief to which Mallinckrodt responds that plaintiff is not entitled to any relief, including the relief requested therein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. Plaintiff's claims based upon Mallinckrodt's alleged duty to warn are barred by the learned intermediary doctrine.

### SECOND DEFENSE

2. Mallinckrodt states that the allegations set forth in the Complaint, and each and every count and claim thereof, fail to state a claim against Mallinckrodt upon which relief can be granted.

**THIRD DEFENSE**

3. Mallinckrodt states that the cause or causes of action set forth in the Complaint were at the time of the filing of this action and are now barred by the applicable statute of limitations.

**FOURTH DEFENSE**

4. Mallinckrodt states that the cause or causes of action set forth in the Complaint were at the time of the filing of this action and are now barred by the doctrine of laches.

**FIFTH DEFENSE**

5. The causes of action set forth in the Complaint are barred in whole or in part by the applicable statute of repose.

**SIXTH DEFENSE**

6. Plaintiff's claims are barred by reason of a lack of personal jurisdiction over Mallinckrodt.

**SEVENTH DEFENSE**

7. Plaintiff's claims should be dismissed on the grounds of *forum non-conveniens.*

**EIGHTH DEFENSE**

8. Mallinckrodt never manufactured, sold or distributed diethylstilbestrol ("DES") in the years or dosage allegedly ingested by the plaintiff's mother.

**NINTH DEFENSE**

9. Mallinckrodt never manufactured, sold, or distributed DES and is not legally responsible as a successor corporation to any companies which have done so, including but not limited to Dumas-Wilson & Co.

**TENTH DEFENSE**

10. Mallinckrodt never manufactured, sold, or distributed DES and is not responsible for other acts of any corporation acquired or whose assets were acquired by Mallinckrodt, which may have manufactured, sold, or distributed DES.

**ELEVENTH DEFENSE**

11. If plaintiff can identify the manufacturer of the product which allegedly caused the alleged injuries or damages, and if Mallinckrodt is not such manufacturer, plaintiff's claims for relief against Mallinckrodt are barred.

**TWELFTH DEFENSE**

12. If Mallinckrodt is not identified as the manufacturer of the product which allegedly caused the alleged injuries or damages, any recovery against Mallinckrodt would violate its constitutional rights, including, but not limited to, its rights to due process and equal protection under the Fifth and Fourteenth Amendments to the Constitution of the United States.

**THIRTEENTH DEFENSE**

13. As to all causes of action pleaded in the Complaint which are based upon express or implied representations, such causes of action are legally insufficient against Mallinckrodt.

**FOURTEENTH DEFENSE**

14. Mallinckrodt states that the plaintiff's natural mother knowingly and intentionally assumed the risks, if any, inherent in the use of DES, which is a complete bar to plaintiff's recovery in this case.

**FIFTEENTH DEFENSE**

15. If plaintiff is unable to identify and prove the specific manufacturer of the alleged injury-causing product, she fails to state a claim upon which relief can be granted in that she has asserted claims for relief which, if granted, would violate the public policy of the District of Columbia and all other applicable states, and constitute a denial by this Court of Mallinckrodt's federal and state constitutional rights to due process of law, equal protection of the law, and to be free from the imposition of state law liabilities that interfere with the federal regulation of pharmaceutical products and the free flow of commerce between and among the states.

**SIXTEENTH DEFENSE**

16. Because plaintiff is unable to identify and prove the specific manufacturer of the alleged injury-causing product, she lacks standing to pursue this action.

**SEVENTEENTH DEFENSE**

17. Mallinckrodt states that in the event a sale is pleaded or determined upon trial, or in the event reliance is placed upon a breach of warranty, whether express or implied, this action is barred since there was no reliance upon any warranties, if any, of Mallinckrodt.

**EIGHTEENTH DEFENSE**

18. Mallinckrodt states that DES was and has been formulated, tested, manufactured, processed and labeled in accordance with the provisions of the Federal Food, Drug and Cosmetic Act and regulations promulgated thereto. Accordingly, plaintiff's claims, predicated on state tort law, are preempted or barred by the Supremacy Clause of the United States Constitution.

## NINTEENTH DEFENSE

19. Mallinckrodt states that plaintiff's claims may be barred by contributory negligence, which was a direct and proximate cause of the plaintiff's alleged conditions, which is a complete bar to plaintiff's recovery in this case.

## TWENTIETH DEFENSE

20. Plaintiff had failed to join all necessary parties.

## TWENTY-FIRST DEFENSE

21. If plaintiff sustained the injuries alleged in the Complaint, which is denied, there was an intervening cause or causes leading to these alleged injuries, and therefore, any action on the part of Mallinckrodt was not the proximate and/or competent producing cause of the alleged injuries.

## TWENTY-SECOND DEFENSE

22. If plaintiff sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused solely by the conduct of one or more third persons for whose conduct Mallinckrodt is not responsible or with whom Mallinckrodt has no legal relation.

## TWENTY-THIRD DEFENSE

23. If plaintiff sustained the injuries alleged in the Complaint, which is denied, these alleged injuries were caused by factors other than exposure to DES, and were not due to or caused by the fault, lack of care, negligence or any breach of duty by Mallinckrodt.

## TWENTY-FOURTH DEFENSE

24. Mallinckrodt states that plaintiff failed to give notice of the alleged defects within the time limitations imposed by law.

**TWENTY-FIFTH DEFENSE**

25. Upon information and belief, if the injuries referred to in the Complaint were caused by DES manufactured by Mallinckrodt, which is denied, the injuries are the result of an idiosyncratic reaction on the part of the plaintiff's natural mother and/or plaintiff to the drug.

**TWENTY-SIXTH DEFENSE**

26. If DES manufactured by Mallinckrodt was involved in the injuries claimed by the plaintiff, which is denied, upon information and belief, the use of DES was improper or not in accordance with prescribed, correct procedures. Accordingly, the DES was abused, misused and applied for purposes other than those which were indicated or intended by Mallinckrodt, which is a complete bar to plaintiff's recovery in this case.

**TWENTY-SEVENTH DEFENSE**

27. At all times relevant hereto, the benefits of DES outweighed the risks, if any, which may have been attendant to its use.

**TWENTY-EIGHTH DEFENSE**

28. Some or all of the plaintiff's claims are barred by collateral estoppel and res judicata.

**TWENTY-NINTH DEFENSE**

29. If plaintiff sustained injuries or incurred expenses as alleged, which is denied, the risks complained of by plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state-of-the-art and were not discoverable using procedures required by federal or state regulatory authorities charged with supervision or licensing of the product as of the time Mallinckrodt sold or otherwise parted with possession and control of the product in question. Accordingly, Mallinckrodt's product was in conformity with the generally

recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled, and sold and therefore plaintiff is barred from recovery.

**THIRTIETH DEFENSE**

30. At all times, Mallinckrodt fully complied with all applicable federal, state, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food, Drug, and Cosmetic Act, and promulgated by the Federal Food and Drug Administration.

**THIRTY-FIRST DEFENSE**

31. Venue is improper in this Court.

**THIRTY-SECOND DEFENSE**

32. Mallinckrodt states that it incorporates by reference and makes a part hereof all other applicable affirmative defenses set forth in the Answers of the other defendants and intends to rely on other affirmative defenses which may become available or apparent during discovery, and hereby reserves its right to amend this answer to assert such defenses.

**WHEREFORE**, Mallinckrodt respectfully requests that this Honorable Court enter an Order dismissing Plaintiff's Complaint with prejudice, or for such other relief as the nature of this cause may require.

Respectfully submitted,
/s/Janet K. Coleman

Janet K. Coleman (Bar No. 497902)
WHITNEY & BOGRIS, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
(410) 583-8000
jcoleman@whitneybogris.com

**Attorneys for MALLINCKRODT INC.**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 12th 2009, I caused Mallinckrodt's Answer to Plaintiff's Complaint to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an e-notice of this filing to the e-filing participants in this matter.

| | |
|---|---|
| Aaron M. Levine, Esquire<br>Aaron M. Levin & Associates<br>1320 19th Street, N.W., Suite 500<br>Washington, D.C. 20036<br>**Attorneys for Plaintiffs** | Jennifer Gardner Levy, Esquire<br>Kirkland & Ellis<br>655 Fifteenth Street, N.W., Suite 1200<br>Washington, D.C. 20005<br>**Attorneys for Abbott Laboratories** |
| John Isbister, Esquire<br>Tydings and Rosenberg, LLP<br>100 East Pratt Street, Suite 2600<br>Baltimore, MD 21202<br>**Attorneys for Elan Pharmaceuticals** | Sidney G. Leech, Esquire<br>Goodell, DeVries, Leech & Dann, LLP<br>One South Street, 29th Floor<br>Baltimore, Maryland 21202<br>**Attorneys for Bristol Myers Squibb Company** |
| Craig C. Reilly, Esquire<br>111 Oronoco Street<br>Alexandria, Virginia 22314<br>**Attorney for Dart Industries, Inc.** | John Coots, Esquire<br>Michelle Mangrum, Esquire<br>Shook, Hardy & Bacon LLP<br>600 Fourteenth Street, N.W.<br>Suite 800<br>Washington, DC 20005-2004<br>**Attorneys for Eli Lilly** |
| Elizabeth Ewert, Esquire<br>Drinker Biddle & Reath, LLP<br>1500 K Street NW, Suite 1100<br>Washington, D.C. 20005<br>**Attorneys for Merck & Company,Ortho-McNeil Pharm. and Pharmacia and Upjohn Company** | Robert M. Kelly, Esquire<br>Jackson & Campbell, P,C.<br>1120 20th Street, N.W., Suite 300-South<br>Washington, D.C. 20036<br>**Attorneys for Defendant Kremers-Urban, Company** |
| Eric Goldberg, Esquire<br>Goodwin & Proctor, LLP<br>901 New York Avenue, N.W., Suite 900<br>Washington, DC 20001<br>**Attorneys for Premo Pharmaceutical Laboratories, Inc.** | |

With Copy Mailed to :

William David Sanders, Esquire
McGivney & Kluger, P.C.
23 Vreeland Avenue
Suite 220
Florham Park, NJ 07932
**Attorneys for Sanofi Aventis**

/s/ Janet K. Coleman

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

ISABELLE ZIMMERLY GARCIA *

Plaintiff *

v. * Civil Action No. 09-001113

Eli Lilly and Company, et al., * Judge Brian F. Holeman
Next Event:
Initial Conference May 29,2009

Defendants. *

* * * * * * * * * * * *

**Rule 7.1 Disclosure Statement**

I, the undersigned counsel of record for Mallinckrodt Inc., provide this disclosure, hereby identifying the following parent corporation or publicly held corporation owning 10% or more of its stock:

Covidien, Ltd.

These representations are made in order that the judges of this court may determine the need for recusal.

Respectfully submitted,

/s/ Janet K. Coleman
Janet K. Coleman, (497902)
WHITNEY & BOGRIS, LLP
401 Washington Avenue
Twelfth Floor
Towson, Maryland 21204
(410) 583-8000
jcoleman@whitneybogris.com

**Attorneys for MALLINCKRODT INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of March, 2009, I caused Mallinckrodt Inc.'s Corporate Disclosure to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, which sent e-notice of this filing to the following:

| | |
|---|---|
| Aaron M. Levine, Esquire<br>Aaron M. Levin & Associates<br>1320 19th Street, N.W., Suite 500<br>Washington, D.C. 20036<br>**Attorneys for Plaintiffs** | Jennifer Gardner Levy, Esquire<br>Kirkland & Ellis<br>655 Fifteenth Street, N.W., Suite 1200<br>Washington, D.C. 20005<br>**Attorneys for Abbott Laboratories** |
| John Isbister, Esquire<br>Tydings and Rosenberg, LLP<br>100 East Pratt Street, Suite 2600<br>Baltimore, MD 21202<br>**Attorneys for Elan Pharmaceuticals** | Sidney G. Leech, Esquire<br>Goodell, DeVries, Leech & Dann, LLP<br>One South Street, 29th Floor<br>Baltimore, Maryland 21202<br>**Attorneys for Bristol Myers Squibb Company** |
| Craig C. Reilly, Esquire<br>111 Oronoco Street<br>Alexandria, Virginia 22314<br>**Attorney for Dart Industries, Inc.** | John Coots, Esquire<br>Michelle Mangrum, Esquire<br>Shook, Hardy & Bacon LLP<br>600 Fourteenth Street, N.W.<br>Suite 800<br>Washington, DC 20005-2004<br>**Attorneys for Eli Lilly** |
| Elizabeth Ewert, Esquire<br>Drinker Biddle & Reath, LLP<br>1500 K Street NW, Suite 1100<br>Washington, D.C. 20005<br>**Attorneys for Merck & Company,Ortho-McNeil Pharm. and Pharmacia and Upjohn Company** | Robert M. Kelly, Esquire<br>Jackson & Campbell, P,C.<br>1120 20th Street, N.W., Suite 300-South<br>Washington, D.C. 20036<br>**Attorneys for Defendant Kremers-Urban, Company** |

Eric Goldberg, Esquire
Goodwin & Proctor, LLP
901 New York Avenue, N.W., Suite 900
Washington, DC 20001
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

With Copy Mailed to :

William David Sanders, Esquire
McGivney & Kluger, P.C.
23 Vreeland Avenue
Suite 220
Florham Park, NJ 07932
**Attorneys for Sanofi Aventis**

/s/ Janet K. Coleman

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| ISABELLE ZIMMERLY GARCIA, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 2009 CA 001113 B |
| ELI LILLY & COMPANY, et al. | * | Judge: Hon. Brian F. Holeman |
| Defendants. | * | |
| | * | |
| | * | |

* * * * * * * * * * *

## ANSWER TO COMPLAINT

Bristol-Myers Squibb Company, one of the Defendants, by its attorneys, Sidney G. Leech, Malcolm S. Brisker, and Goodell, DeVries, Leech & Dann, LLP, for an Answer to the Complaint filed against it in the above-captioned case, and each and every count thereof says:

## FIRST DEFENSE

That the Complaint fails to state a claim or claims against this Defendant upon which relief can be granted.

## SECOND DEFENSE

1. As to Paragraphs 1 and 3 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in these paragraphs, and therefore can neither admit nor deny the allegations in these paragraphs and demands strict proof thereof by the Plaintiff.

2. As to Paragraph 2 of the Complaint, this Defendant admits that it has been engaged in and is engaged in the manufacturing, marketing, sale, promotion and distribution of

pharmaceuticals throughout the United States, and this Defendant admits that it is doing business in the District of Columbia; however, this Defendant denies the remainder of this paragraph.

3. As to Count I, Paragraphs 3,[1] 4, 5 and 6 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

4. As to Count II, Paragraph 7 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 6 as fully as if they were repeated verbatim herein.

5. As to Count II, Paragraphs 8, 9 and 10 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

6. As to Count III, Paragraph 11 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 10 as fully as if they were repeated verbatim herein.

7. As to Count III, Paragraphs 12, 14, 15, 16, 17 and 18 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

8. As to Count III, Paragraph 13 of the Complaint, this Defendant admits that E.R. Squibb & Sons, Inc. was previously engaged in the business of producing DES or was previously a manufacturer of DES.

9. As to Count IV, Paragraph 19 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 18 as fully as if they were repeated verbatim herein.

10. As to Count IV, Paragraphs 20, 21, 22 and 23 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

---

[1] Plaintiff's Complaint includes two paragraphs numbered "3"; Defendant has maintained plaintiff's numbering.

11. As to Count V, Paragraph 24 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 23 as fully as if they were repeated verbatim herein.

12. As to Count V, Paragraphs 25, 26, 27 and 28 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Defendant denies any allegation contained in Plaintiff's Complaint in the above-captioned case to which this Defendant has not specifically responded.

### SECOND DEFENSE

Plaintiff's causes of action are barred by the applicable statute or statutes of limitation.

### THIRD DEFENSE

Plaintiff's natural mother was contributorily negligent which was a proximate cause of the injuries, damages and losses complained of, which negligence is a complete bar to the recovery by Plaintiff in this case.

### FOURTH DEFENSE

Plaintiff's natural mother assumed the risks inherent in the use of Diethylstilbestrol and her assumption of risk is a complete bar to Plaintiff's recovery in this action.

### FIFTH DEFENSE

Plaintiff's natural mother misused or abused the Diethylstilbestrol, which she consumed or ingested, which conduct is a complete bar to Plaintiff's recovery in this case.

### SIXTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, there was an intervening cause and/or causes leading to said alleged injuries

and, as such, any action on the part of this Defendant was not the proximate cause of Plaintiff's alleged injuries.

## SEVENTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

## EIGHTH DEFENSE

This Complaint is barred in whole or in part by the application statute or statutes of repose.

## NINTH DEFENSE

The Complaint fails to join a necessary party or parties without whom complete relief cannot be granted.

## TENTH DEFENSE

If the product in question was unsafe, then it was unavoidably unsafe.

## ELEVENTH DEFENSE

The Plaintiff's causes of action are barred by the doctrine of res judicata or the doctrine of collateral estoppel.

## TWELFTH DEFENSE

If this Defendant's product was ingested by Plaintiff's natural mother, then this Defendant alleges that such product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled and sold; therefore, Plaintiff is barred from recovery.

## THIRTEENTH DEFENSE

Plaintiff's causes of action are barred by the Doctrine of Laches.

## FOURTEENTH DEFENSE

All of Plaintiff's causes of action are barred by the Doctrine of Federal Preemption.

## FIFTEENTH DEFENSE

At all applicable times, this Defendant fully complied with all applicable Federal, State, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food, Drug and Cosmetic Act and those promulgated by the Federal Food and Drug Administration.

## SIXTEENTH DEFENSE

The Plaintiff is barred from recovery in the above-captioned case based on the application of the learned intermediary doctrine.

**WHEREFORE**, Bristol-Myers Squibb Company, one of the Defendants, moves this Honorable Court to enter an Order in the above-captioned case, dismissing the Complaint with prejudice as to it, or for such other and further relief as may be appropriate under the circumstances.

/s/ Sidney G. Leech
Sidney G. Leech
D.C. Bar No. 359071
Malcolm S. Brisker
D.C. Bar No. 472101
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
*Attorneys for Defendant,*
*Bristol-Myers Squibb Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of March, 2009, a copy of the foregoing Answer to Complaint was filed electronically via CaseFileXpress and that copies were sent electronically to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036; *Attorney for Plaintiffs*

Michelle R. Mangrum, Esquire
John Chadwick Coots, Esquire
Ericka L. Downie, Esquire
Shook Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004

Jonathan Gregor, Esquire
Shook Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, MO 64109; *Attorneys for Defendant Eli Lilly & Company*

Elizabeth Ewert, Esquire
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209; *Attorneys for Pharmacia and Upjohn Company; Merck & Company; Ortho-McNeil Pharmaceuticals*

Craig C. Reilly, Esquire
111 Oronoco Street
Alexandria, VA 22314; *Attorneys for Dart Industries, Inc.*

Janet Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204; ***Attorneys for GlaxoSmithKline, Inc. and Mallinckrodt, Inc.***

Eric Goldberg, Esquire
Goodwin Proctor, LLP
911 New York Avenue, Suite 900
Washington, D.C. 20001 ; ***Attorneys for Premo Pharmaceutical Laboratories, Inc.***

David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314; *Attorneys for Person & Covey, Inc.*

Jennifer Gardner Levy, Esquire
Kirkland & Ellis
655 15th Street, N.W.
Washington, D.C. 20005-5793; ***Attorneys for Abbott Laboratories, Inc.***

Robert N. Kelly, Esquire
Jackson & Campbell, PC
1120 20th Street, N.W., Suite 300-South
Washington, D.C. 20036; *Attorneys for Kremers-Urban Co.*

Jaime W. Luse, Esquire
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202; ***Attorneys for Carnrick Laboratories, Inc. n/k/a/ Elan Pharmaceuticals***

William D. Sanders, Esquire
McGivney & Kluger, P.C.
23 Vreeland Road, Suite 200
Florham Park, New Jersey 07932; *Attorneys for Sanofi Aventis*

/s/ Sidney G. Leech
Sidney G. Leech

Filed
D.C. Superior Court
09 Mar 17 A11:13
Clerk of Court

**SUPERIOR COURT OF THE**
**DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ISABELLE ZIMMERLY GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 2009 CA 001113 B |
| | ) | |
| v. | ) | Judge: Brian F. Holeman |
| | ) | |
| ELI LILLY AND COMPANY, et al., | ) | Next event: Initial Conference, |
| | ) | May 29, 2009 |
| Defendants. | ) | |

**DEFENDANT ÉLAN PHARMACEUTICAL INC.'S ANSWER TO COMPLAINT**

Defendant ÉLAN PHARMACEUTICALS, INC. f/k/a CARNRICK LABORATORIES, INC. (referred to herein as "Élan"), by its undersigned attorneys, answers the complaint filed in this action as follows:

**ANSWER**
**(DES Litigation - Products Liability)**

1. The allegations contained in paragraph 1 of the complaint purport to set forth a legal conclusion to which no answer from Élan is required. To the extent that the allegations of paragraph 1 may be deemed factual, Élan denies each and every such allegation.

2. Élan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 2 of the complaint and therefore denies same. With regard to the second sentence of paragraph 2 of the complaint, Élan denies the allegations, except it admits that at certain times Élan obtained permission to market DES for prescription by duly licensed medical practitioners for various purposes. Élan lacks knowledge or information sufficient to form a belief as to the other defendants.

3. Élan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the complaint and therefore denies same.

**COUNT I**
**(Negligent Failure to Warn – Isabelle Zimmerly Garcia)**

4. Élan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of the second paragraph numbered 3 of the complaint and therefore denies same. With regard to the second sentence of the second paragraph numbered 3 of the complaint, Élan denies the allegations, except it admits that at certain times Élan obtained permission to market DES for prescription by duly licensed medical practitioners for various purposes. Élan lacks knowledge or information sufficient to form a belief as to the other defendants.

5. The allegations contained in paragraph 4 of the complaint purport to set forth a legal conclusion to which no answer from Élan is required. To the extent that the allegations of paragraph 4 may be deemed factual, Élan denies each and every such allegation.

6. Élan denies the allegations set forth in paragraph 5 of the complaint.

7. Élan denies the allegations set forth in paragraph 6 of the complaint.

**COUNT II**
**(Negligent Failure to Test – Isabelle Zimmerly Garcia)**

8. Élan incorporates by reference, as if fully set forth herein, its answers and defenses to each of the paragraphs above.

9. The allegations contained in paragraph 8 of the complaint purport to set forth a legal conclusion to which no answer from Élan is required. To the extent that the allegations of paragraph 8 may be deemed factual, Élan denies each and every such allegation.

10. Élan denies the allegations set forth in paragraph 9 of the complaint.

11. Élan denies the allegations set forth in paragraph 10 of the complaint.

**COUNT III**
**(Strict Liability – Isabelle Zimmerly Garcia)**

12. Élan incorporates by reference, as if fully set forth herein, its answers and defenses to each of the paragraphs above.

13. The allegations contained in paragraph 12 of the complaint purport to set forth a legal conclusion to which no answer from Élan is required. To the extent that the allegations of paragraph 12 may be deemed factual, Élan denies each and every such allegation.

14. Élan denies each and every allegation contained in paragraph 13 of the complaint except admits that at certain times Élan obtained permission to market DES for prescription by duly licensed medical practitioners for various purposes. Élan does admit that at certain times Élan obtained permission to market DES for prescription by duly licensed medical practitioners for various purposes.

15. Élan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint and therefore denies same.

16. The allegations contained in paragraph 15 of the complaint purport to set forth a legal conclusion to which no answer from Élan is required. To the extent that the allegations of paragraph 15 may be deemed factual, Élan denies each and every such allegation.

17. Élan denies the allegations set forth in paragraph 16 of the complaint.

18. The allegations contained in paragraph 17 of the complaint purport to set forth a legal conclusion to which no answer from Élan is required. To the extent that the allegations of paragraph 17 may be deemed factual, Élan denies each and every such allegation.

19. Élan denies the allegations set forth in paragraph 18 of the complaint.

**COUNT IV**
**(Breach of Warranty – Isabelle Zimmerly Garcia)**

20. Élan incorporates by reference, as if fully set forth herein, its answers and defenses to each of the paragraphs above.

21. The allegations contained in paragraph 20 of the complaint purport to set forth a legal conclusion to which no answer from Élan is required. To the extent that the allegations of paragraph 20 may be deemed factual, Élan denies each and every such allegation. Élan does admit that at certain times Élan obtained permission to market DES for prescription by duly licensed medical practitioners for various purposes.

22. The allegations contained in paragraph 21 of the complaint purport to set forth a legal conclusion to which no answer from Élan is required. To the extent that the allegations of paragraph 21 may be deemed factual, Élan denies each and every such allegation.

23. Élan denies the allegations set forth in paragraph 22 of the complaint.

24. Élan denies the allegations set forth in paragraph 23 of the complaint.

**COUNT V**
**(Misrepresentation – Isabelle Zimmerly Garcia)**

25. Élan incorporates by reference, as if fully set forth herein, its answers and defenses to each of the paragraphs above.

26. Élan denies each and every allegation contained in paragraph 25 of the complaint except admits that at certain times Élan obtained permission to market DES for prescription by duly licensed medical practitioners for various purposes. Further, Élan denies knowledge or information sufficient to form a belief as to the other defendants.

27. Élan presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the complaint and therefore denies same.

28. The allegations contained in paragraph 27 of the complaint purport to set forth a legal conclusion to which no answer from Élan is required. To the extent that the allegations of paragraph 27 may be deemed factual, Élan denies each and every such allegation.

29. Élan denies the allegations set forth in paragraph 28 of the complaint.

In response to the unnumbered paragraphs following paragraph 28 of the complaint, Élan states that these paragraphs are a demand for relief to which Élan responds that plaintiff is not entitled to any relief, including the relief requested therein.

Élan denies all of the allegations of plaintiff's complaint not herein specifically admitted, denied, or denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations asserted. Élan denies that it is in any way responsible for the injuries and damages alleged in the complaint, and further denies it is liable to plaintiff in any manner or amount whatsoever.

## AFFIRMATIVE DEFENSES

Élan pleads the following affirmative defenses to plaintiff's complaint:

1. The complaint fails to state a claim upon which any relief can be granted.

2. This Court lacks personal jurisdiction over the defendant.

3. This Court lacks jurisdiction of the subject matter of the action.

4. This Court is the improper venue for plaintiff's cause of action.

5. The place of trial of this action is set without due regard for the convenience of the parties, witnesses, feasibility of compelling testimony of witnesses, availability of physical evidence or other proof, and constitutes a *forum non conveniens* that requires that the action be tried in another jurisdiction.

6. Plaintiff lacks capacity and standing to sue by reason of the fact that no duty was owed to plaintiff by this defendant at the time plaintiff Isabelle Zimmerly Garcia's mother allegedly used the drug referred to in the complaint or by reason of the doctrine of *en ventre sa mere* and, therefore, plaintiff has failed to state facts sufficient to state a claim upon which relief can be granted.

7. The complaint fails to join all necessary and indispensable parties in whose absence complete relief cannot be afforded among those already parties.

8. The injuries and damages allegedly sustained by plaintiff are attributable to the acts and/or omissions of other entities not parties to this action.

9. Plaintiff's claims may be barred, in whole or in part, by the applicable statutes of limitation and/or repose.

10. Plaintiff's claims are barred, in whole or in part, by laches, waiver, and/or estoppel.

11. Plaintiff's claims are barred by the doctrines of *res judicata* and/or collateral estoppel.

12. Plaintiff's claims are barred by contributory negligence on the part of plaintiff and/or plaintiff Isabelle Zimmerly Garcia's natural mother.

13. Plaintiff's claims are barred by assumption of risk by plaintiff and/or plaintiff Isabelle Zimmerly Garcia's natural mother.

14. The drug referred to in plaintiff's complaint is a prescription drug and the Federal government has preempted the field of law applicable to prescription drug products and their labeling; the manufacture, distribution, and sale of the drug referred to in the complaint were and are controlled by Federal law and the manufacture, distribution, and sale of said drug at all times by this defendant were in compliance with applicable Federal law; therefore, plaintiff's causes of action fail to state any claim upon which relief can be granted in that, *inter alia*, such claims for relief if granted, would impede, impair, frustrate or burden the effectiveness of Federal law regulating the field of prescription drugs and would violate the Supremacy Clause of the United States Constitution.

15. Élan asserts that any injuries and damages sustained by plaintiff were caused by the negligence, intentional acts, and/or omissions of persons other than Élan.

16. The alleged injuries and/or damages of plaintiff, if any, were caused by fellow servants.

17. At all times material to plaintiff's claims, Élan had no knowledge, either actual or constructive, and by application of reasonable, developed human skill and foresight, had no reason to know of the propensities, if any, of DES to allegedly cause or contribute to the creation of medical conditions or circumstances involving alleged injury or illness of any type whatsoever.

18. Élan denies the applicability of the doctrine of strict liability in tort to this litigation.

19. Plaintiff's claims are barred in whole or in part by the learned intermediary doctrine.

20. The pharmaceutical products that plaintiff Isabelle Zimmerly Garcia's natural mother was allegedly prescribed and ingested were, at the time of their manufacture and/or sale by Élan or other defendants, entirely safe as established by the medical and scientific art at the time of their manufacture and/or sale.

21. Élan's products, if any, were in no way defective or ultra-hazardous in light of the existing state-of-the-art.

22. If any products allegedly used by plaintiff Isabelle Zimmerly Garcia's natural mother were unsafe, they were unavoidably so.

23. Any injuries and damages sustained by the plaintiff were the result of the misuse and/or abuse of the aforesaid product by plaintiff Isabelle Zimmerly Garcia or her natural mother.

24. Élan's alleged failure to warn was not a cause-in-fact of plaintiff Isabelle Zimmerly Garcia's development of any injury.

25. There should be no recovery against Élan under any claim of implied warranty because, upon information and belief, Élan has properly and adequately disclaimed all such implied warranties.

26. There being no privity of contract between Élan and plaintiff Isabelle Zimmerly Garcia, there can be no cause of action against Élan for alleged breach of warranties.

27. There is no warranty, expressed or implied, between plaintiff Isabelle Zimmerly Garcia and Élan, and if there is such warranty, plaintiff Isabelle Zimmerly Garcia has waived any such warranty.

28. Plaintiff Isabelle Zimmerly Garcia failed to give reasonably prompt or timely notice of an alleged breach of warranty and has not given Élan adequate time to cure any alleged defect.

29. Élan did not produce, manufacture, sell, distribute or otherwise place into the stream of commerce any products that were the proximate cause of the claimed injuries of plaintiff.

30. While denying any negligence or improper conduct with respect to the subject matter of the complaint, Élan states that insofar as negligence or improper conduct is found, it was not a proximate cause of any injury allegedly sustained by plaintiff.

31. While denying all allegations of the complaint regarding injury and damages allegedly sustained by plaintiff, Élan states that if plaintiff proves said injuries and damages, they were caused by the superseding and intervening acts of negligence of other parties over whom this defendant had no control, nor right to control, and for whose actions this defendant is not liable.

32. Any and all products allegedly manufactured, supplied, sold, produced or otherwise placed into the stream of commerce by this defendant were in Sealed Containers within the definitions set forth in any applicable statute in this jurisdiction that provides a complete defense to plaintiff's allegations.

33. Plaintiff failed to allege fraudulent conduct on the part of defendant with sufficient particularity to state a cause of action for fraud and/or misrepresentation.

34. Plaintiff failed to mitigate their damages, if any.

35. Any claims in the complaint that seek an award of exemplary or punitive damages violate this defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution.

36. Any claims in the complaint that seek an award of exemplary or punitive damages violate this defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution.

37. This defendant states that there are no allegations contained in the complaint legally sufficient to support a cause of action for exemplary or punitive damages as to this defendant and, therefore, all claims for punitive or exemplary damages in the above-captioned case should be dismissed with prejudice.

38. In the event plaintiff recovers a verdict or judgment against this defendant, then said verdict or judgment must be reduced, to the extent allowed by the law of the forum jurisdiction, by those amounts which have been or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any post or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

39. Élan avails itself of any and all such defenses as have been raised by any of the other defendants and/or third-party defendants in this proceeding as may be applicable to the complaint and/or third-party complaint.

40. Élan reserves the right to raise such other affirmative defenses as may be available or apparent during discovery.

**WHEREFORE**, defendant, Élan Pharmaceuticals, Inc. f/k/a Carnrick Laboratories, Inc. demands judgment dismissing the complaint of plaintiff together with the costs of this action.

Respectfully submitted,

*/s/ Jaime W. Luse*

Jaime W. Luse, D.C. Bar No. 501944
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
(410) 752-9700 - telephone
(410) 727-5460 - facsimile
jluse@tydingslaw.com

***Attorneys for Élan Pharmaceuticals, Inc. f/k/a Carnrick Laboratories, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of March, 2009, a true copy of the foregoing Defendant Élan Pharmaceuticals, Inc.'s Answer to Complaint was electronically filed and served on all counsel of record, pursuant to the Case Management Order 05-04 dated May 17, 2005 and Case Management Order 06-17 dated October 23, 2006 as amended.

/s/ Jaime W. Luse
Jaime W. Luse, D.C. Bar No. 501944

Filed
D.C. Superior Court
09 Mar 17 A11:29
Clerk of Court

**SUPERIOR COURT OF THE**
**DISTRICT OF COLUMBIA**
**(CIVIL DIVISION)**

| | | |
|---|---|---|
| ISABELLE ZIMMERLY GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 2009 CA 001113 B |
| | ) | |
| v. | ) | Judge: Brian F. Holeman |
| | ) | |
| ELI LILLY AND COMPANY, et al., | ) | Next event: Initial Conference, |
| | ) | May 29, 2009 |
| Defendants. | ) | |

**DEFENDANT ÉLAN PHARMACEUTICAL INC.'S RULE 7.1 DISCLOSURE**

I, the undersigned, counsel of record for Defendant Élan Pharmaceuticals, Inc. f/k/a Carnrick Laboratories, Inc. ("Élan") certify that to the best of my knowledge and belief, the following are the parent companies, subsidiaries or affiliates of Élan which have any outstanding securities in the hands of the public:

Élan Pharmaceuticals, Inc.

This representation is made in order that judges of this court may determine the need for recusal.

Respectfully submitted,

/s/ Jaime W. Luse
Jaime W. Luse, D.C. Bar No. 501944
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
(410) 752-9700 - telephone
(410) 727-5460 - facsimile
jluse@tydingslaw.com

***Attorneys for Élan Pharmaceuticals, Inc. f/k/a Carnrick Laboratories, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of March, 2009, a true copy of the foregoing Defendant Élan Pharmaceuticals, Inc.'s Rule 7.1 Disclosure was electronically filed and served on all counsel of record, pursuant to the Case Management Order 05-04 dated May 17, 2005 and Case Management Order 06-17 dated October 23, 2006 as amended.

/s/ Jaime W. Luse
Jaime W. Luse, D.C. Bar No. 501944

Filed
D.C. Superior Court
09 Mar 17 A11:31
Clerk of Court

**SUPERIOR COURT OF THE**
**DISTRICT OF COLUMBIA**
**(CIVIL DIVISION)**

| | | |
|---|---|---|
| ISABELLE ZIMMERLY GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 2009 CA 001113 B |
| | ) | |
| v. | ) | Judge: Brian F. Holeman |
| | ) | |
| ELI LILLY AND COMPANY, et al., | ) | Next event: Initial Conference, |
| | ) | May 29, 2009 |
| Defendants. | ) | |

**NOTICE OF ENTRY OF APPEARANCE**

TO THE CLERK OF THIS COURT AND ALL PARTIES OF RECORD:

Please enter the appearance of Jaime W. Luse and Tydings & Rosenberg LLP as counsel in this case for Defendant Élan Pharmaceuticals, Inc. f/k/a Carnrick Laboratories, Inc.

I certify that the above-named attorney is admitted to practice in this Court.

Dated: March 17, 2009

Respectfully submitted,

*/s/ Jaime W. Luse*

Jaime W. Luse, D.C. Bar No. 501944
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
(410) 752-9700 - telephone
(410) 727-5460 - facsimile
jluse@tydingslaw.com

***Attorneys for Élan Pharmaceuticals, Inc. f/k/a Carnrick Laboratories, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of March, 2009, a true copy of the foregoing Defendant Élan Pharmaceuticals, Inc.'s Notice of Entry of Appearance was electronically filed and served on all counsel of record, pursuant to the Case Management Order 05-04 dated May 17, 2005 and Case Management Order 06-17 dated October 23, 2006 as amended.

/s/ Jaime W. Luse
Jaime W. Luse, D.C. Bar No. 501944

Filed
D.C. Superior Court
09 Mar 17 A11:34
Clerk of Court

**SUPERIOR COURT OF THE**
**DISTRICT OF COLUMBIA**
**(CIVIL DIVISION)**

| | | |
|---|---|---|
| ISABELLE ZIMMERLY GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 2009 CA 001113 B |
| | ) | |
| v. | ) | Judge: Brian F. Holeman |
| | ) | |
| ELI LILLY AND COMPANY, et al., | ) | Next event: Initial Conference, |
| | ) | May 29, 2009 |
| Defendants. | ) | |

**NOTICE OF ENTRY OF APPEARANCE**

TO THE CLERK OF THIS COURT AND ALL PARTIES OF RECORD:

Please enter the appearance of Toyja E. Kelley as additional counsel in this case for Defendant Élan Pharmaceuticals, Inc. f/k/a Carnrick Laboratories, Inc. Jaime W. Luse will remain as counsel.

I certify that the above-named attorneys are admitted to practice in this Court.

Dated: March 17, 2009

Respectfully submitted,

*/s/ Jaime W. Luse*

Toyja E. Kelley, D.C. Bar No. 482977
Jaime W. Luse, D.C. Bar No. 501944
Tydings & Rosenberg LLP
100 East Pratt Street, 26th Floor
Baltimore, Maryland 21202
(410) 752-9700 - telephone
(410) 727-5460 - facsimile
jluse@tydingslaw.com

***Attorneys for Élan Pharmaceuticals, Inc. f/k/a Carnrick Laboratories, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of March, 2009, a true copy of the foregoing Defendant Élan Pharmaceuticals, Inc.'s Notice of Entry of Appearance was electronically filed and served on all counsel of record, pursuant to the Case Management Order 05-04 dated May 17, 2005 and Case Management Order 06-17 dated October 23, 2006 as amended.

/s/ Jaime W. Luse
Jaime W. Luse, D.C. Bar No. 501944

Filed
D.C. Superior Court
09 Mar 17 P12:03
Clerk of Court

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| ISABELLE ZIMMERLY GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>ELI LILLY AND COMPANY, et al.,<br><br>Defendants. | Civil Action No. 2009 CA 001113 B |

**DEFENDANT PREMO PHARMACEUTICAL LABORATORIES, INC.'S ANSWER TO COMPLAINT**

Defendant Premo Pharmaceutical Laboratories, Inc. ("Premo"), through undersigned counsel, responds to plaintiff's complaint filed on February 23, 2009 ("Complaint") as follows:

In responding to the Complaint, Premo will provide answers only for itself, and will only respond to allegations addressed to or directed at Premo. Premo has no knowledge or information sufficient to form a belief as to the truth or falsity of allegations relating to any other defendant herein.

1. Premo denies the allegations set forth in paragraph 1 of the Complaint and respectfully refers all questions of law to the Court, except that Premo does not contest personal jurisdiction in this matter.

2. Premo denies the allegations set forth in paragraph 2 of the Complaint, except admits that, at certain times in the past, Premo manufactured and sold DES in dosage form.

3. Premo denies knowledge or information sufficient to form a belief as to the truth or falsity of the manifestations of plaintiff's alleged injuries.

**RESPONDING TO COUNT I**

3. Premo denies the allegations set forth in paragraph 3 (the second paragraph 3) of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the plaintiff's mother's actions and the actions of plaintiff's mother's physician. Further, admits that at certain times in the past, Premo manufactured and sold DES in dosage form.

4. Premo denies the allegations set forth in paragraph 4 of the Complaint, and directs all questions of law to the Court.

5. Premo denies the allegations set forth in paragraph 5 of the Complaint, and directs all questions of law to the Court.

6. Premo denies the allegations set forth in paragraph 6 of the Complaint.

**RESPONDING TO COUNT II**

7. Responding to the allegations in paragraph 7 of the Complaint, Premo repeats and realleges the responses to paragraphs 3 through 6 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

8. Premo denies the allegations set forth in paragraph 8 of the Complaint, and directs all questions of law to the Court, except admits that Premo believed at all times when it manufactured and sold DES, that DES was safe and effective for its indicated uses.

9. Premo denies the allegations set forth in paragraph 9 of the Complaint.

10. Premo denies the allegations set forth in paragraph 10 of the Complaint.

**RESPONDING TO COUNT III**

11. Responding to the allegations in paragraph 11 of the Complaint, Premo repeats and realleges the responses to paragraphs 3 through 10 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

12. Premo denies the allegations set forth in paragraph 12 of the Complaint, and respectfully refers all conclusions of law to the Court, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

13. Premo denies the allegations set forth in paragraph 13 of the Complaint, except admits that at certain times in the past, Premo manufactured and sold DES in dosage form.

14. Premo denies the allegations set forth in paragraph 14 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the plaintiff's mother's actions.

15. Premo denies the allegations set forth in paragraph 15 of the Complaint and respectfully refers all conclusions of law to the Court.

16. Premo denies the allegations set forth in paragraph 16 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES, that DES was safe and effective for its indicated uses.

17. Premo denies the allegations set forth in paragraph 17 of the Complaint.

18. Premo denies the allegations set forth in paragraph 18 of the Complaint and respectfully refers all conclusions of law to the Court.

## RESPONDING TO COUNT IV

19. Responding to the allegations in paragraph 19 of the Complaint, Premo repeats and realleges the responses to paragraphs 3-18 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

20. Premo denies the allegations set forth in paragraph 20 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES, that DES was safe and effective for its indicated uses.

21. Premo denies the allegations set forth in paragraph 21 of the Complaint.

22. Premo denies the allegations set forth in paragraph 22 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES, that DES was safe and effective for its indicated uses.

23. Premo denies the allegations set forth in paragraph 23 of the Complaint and respectfully refers all conclusions of law to the Court.

## RESPONDING TO COUNT V

24. Responding to the allegations in paragraph 24 of the Complaint, Premo repeats and realleges the responses to paragraphs 3-23 of the Complaint with the same force and effect as if hereinafter fully set forth at length.

25. Premo denies the allegations set forth in paragraph 25 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES, that DES was safe and effective for its indicated uses.

26. Premo denies the allegations set forth in paragraph 26 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the plaintiff's mother's actions and the actions of plaintiff's mother's physician.

27. Premo denies the allegations set forth in paragraph 27 of the Complaint, except admits that Premo believed at all times when it manufactured and sold DES that DES was safe and effective for its indicated uses.

28. Premo denies the allegations set forth in paragraph 28 of the Complaint and respectfully refers all conclusions of law to the Court.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff has failed to join and include in this action all identifiable and indispensable parties without whom, in equity and fairness, this action should not proceed.

**THIRD AFFIRMATIVE DEFENSE**

The claims for relief alleged in the Complaint are barred by applicable statutes of limitation and by the applicable statutes of repose.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff lacks capacity and standing to sue by reason of the fact that no duty was owed the allegedly DES-exposed plaintiff by Premo at the time such plaintiff's mother allegedly used the DES referred to in the Complaint or by reason of the doctrine *en ventre sa mere*, and therefore, plaintiff has failed to allege facts sufficient to state a claim upon which relief may be granted.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has been unable to identify Premo as the person causing the alleged injuries, and therefore has failed to state a claim against Premo upon which relief may be granted.

**SIXTH AFFIRMATIVE DEFENSE**

Any damages, injuries or losses that may have been sustained by plaintiff as alleged in the Complaint were sustained only after the allegedly DES-exposed plaintiff's mother knowingly and voluntarily assumed any alleged risk inherent in the consumption or use of the DES referred to in the Complaint with respect to herself and her offspring.

**SEVENTH AFFIRMATIVE DEFENSE**

Upon information and belief, any injuries, losses or damages that plaintiff may have sustained were caused by the allegedly DES-exposed plaintiff's own negligence or that of such plaintiff's mother and, therefore, barred by the doctrine of contributory negligence.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from asserting the claims for relief contained in the Complaint because, if the DES referred to in the Complaint was used by the allegedly DES-exposed plaintiff's mother during pregnancy with such plaintiff, the use of said drug was responsible for the birth of such plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

If plaintiff sustained any injury or incurred any loss or damages as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom Premo neither exercised nor had any right of control, for which Premo is and was not responsible, and whose conduct Premo had no duty or reason to anticipate or control.

**TENTH AFFIRMATIVE DEFENSE**

If in fact the allegedly DES-exposed plaintiff's mother used the DES referred to in the Complaint, upon information and belief, said DES was used for a purpose and in a manner not intended or recommended by the manufacturer or distributor thereof and over which Premo had no control.

**ELEVENTH AFFIRMATIVE DEFENSE**

Upon information and belief, if the injuries referred to in the Complaint were caused by a drug manufactured or marketed by Premo, such injuries were the result of an idiosyncratic reaction to such drug by the allegedly DES-exposed plaintiff or by such plaintiff's mother.

**TWELFTH AFFIRMATIVE DEFENSE**

With respect to all claims for relief based upon alleged breaches of express or implied warranties, there was no privity of contract between plaintiff and Premo.

**THIRTEENTH AFFIRMATIVE DEFENSE**

With respect to all claims for relief based upon alleged breaches of express or implied warranties, there was no timely notice of any alleged breach of warranty given to Premo at any time.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The DES referred to in the Complaint was a prescription drug, and the federal government has preempted the field of law applicable to prescription drug products and their labeling; the manufacture, distribution and sale of the DES referred to in the Complaint were and are controlled by federal law and the manufacture and sale of said drug by Premo at all times were in compliance with applicable federal law; therefore, the Complaint fails to state a claim for relief upon which relief may be granted in that, *inter alia*, such claims, if upheld, would impede, impair, frustrate or burden the effectiveness of federal law regulating the field of prescription drugs and would constitute an invalid burden by this court on interstate commerce, and would, therefore, violate the Supremacy Clause (Article VI, Section 2) and the Commerce Clause (Article I, Section 8) of the United States Constitution.

**FIFTEENTH AFFIRMATIVE DEFENSE**

In view of plaintiff's failure to identify the manufacturer of the alleged injury-causing product, the Complaint fails to state a claim upon which relief may be granted, in that, *inter alia*, plaintiff has asserted claims for relief which, if granted, would contravene Premo's constitutional rights to substantive and procedural due process of law under both the United States and New York Constitutions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

In view of plaintiff's failure to identify the manufacturer of the alleged injury-causing product, the Complaint fails to state a claim upon which relief may be granted, in that, *inter alia*,

plaintiff has asserted claims for relief which, if upheld, would constitute a taking of private property for a public use without just compensation and such taking would contravene Premo's constitutional rights under both the United States and New York Constitutions.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

If Premo is found liable to plaintiff for any non-economic loss allegedly suffered by plaintiff, such liability shall not exceed Premo's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such loss.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

If in fact the Complaint is held to contain a cause of action upon which relief may be granted, then plaintiff's recovery, if any, should be reduced by the relative amount of comparative fault attributable to plaintiff or her agents or persons other than Premo, or completely barred by the doctrine of contributory negligence.

**NINETEENTH AFFIRMATIVE DEFENSE**

This Court is not a proper venue for this action. In addition, Premo gives notice of its intention to rely upon the doctrine of *forum non conveniens*.

**TWENTIETH AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction over this action

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief are barred by the learned intermediary doctrine.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of laches.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Premo states that to the extent that plaintiff's demand for judgment includes a request for punitive damages, such request is in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and all applicable state constitutions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Premo states that to the extent that plaintiff's demand for judgment includes a request for punitive damages, such request is in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and all applicable state constitutions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any award of punitive damages to plaintiff in this case disproportionate to the actual damages incurred by plaintiff, if any, would be in violation of the constitutional safeguards provided under the Constitution of the United States of America and all applicable state constitutions.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Punitive damages cannot be sustained because of the lack of clarity in the standards for awarding punitive damages and plaintiff has failed to state facts sufficient to support a claim for punitive damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel and/or waiver.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Premo incorporates by reference herein all other applicable defenses set forth in answers by any other defendants and will rely on all defenses which become available during discovery or trial.

WHEREFORE, Premo demands judgment dismissing the Complaint in all respects, for the costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief as to this Court may seem just and proper.

Respectfully submitted,

By: /s/ Eric I. Goldberg
Eric I. Goldberg (D.C. Bar# 494052)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
egoldberg@goodwinprocter.com

*Counsel for Defendant*
*Premo Pharmaceutical Laboratories, Inc.*

Of Counsel:

Jonathan Price
Jordan D. Weiss
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone (212) 813-8800
Facsimile (212) 355-3333
jprice@goodwinprocter.com
jweiss@goodwinprocter.com

Dated: March 17, 2009

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of March, 2009, a copy of the foregoing **Defendant Premo Pharmaceutical Laboratories, Inc.'s Answer to Complaint** was filed electronically with the Clerk of the Court, using the electronic filing system, which sent notifications of such filing to all parties and counsel in this case.

/s/ Eric I. Goldberg
Eric I Goldberg

Filed
D.C. Superior Court
09 Mar 17 P12:04
Clerk of Court

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

ISABELLE ZIMMERLY GARCIA,

Plaintiff,

v.

ELI LILLY AND COMPANY, et al.,

Defendants.

Civil Action No. 2009 CA 001113 B

**DEFENDANT PREMO PHARMACEUTICAL LABORATORIES, INC.'S RULE 7.1 DISCLOSURE STATEMENT**

PLEASE TAKE NOTICE, that pursuant to Rule 7.1 of the District of Columbia Rules of Civil Procedure defendant Premo Pharmaceutical Laboratories, Inc. ("Premo"), by and through its attorneys, Goodwin Procter LLP, states that Premo has no parent corporation, and no publicly held corporation owns ten percent or more of its stock.

Respectfully submitted,

By: /s/ Eric I. Goldberg
Eric I. Goldberg (D.C. Bar# 494052)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
egoldberg@goodwinprocter.com

*Counsel for Defendant*
*Premo Pharmaceutical Laboratories, Inc.*

Of Counsel:

Jonathan Price
Jordan D. Weiss
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone (212) 813-8800
Facsimile (212) 355-3333
jprice@goodwinprocter.com
jweiss@goodwinprocter.com

Dated: March 17, 2009

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of March, 2009, a copy of the foregoing **Defendant Premo Pharmaceutical Laboratories, Inc.'s Rule 7.1 Disclosure Statement** was filed electronically with the Clerk of the Court, using the electronic filing system, which sent notifications of such filing to all parties and counsel in this case.

/s/ Eric I. Goldberg
Eric I Goldberg

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

| | |
|---|---|
| **ISABELLE ZIMMERLY GARCIA,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**ELI LILLY AND COMPANY, *et al.*,**<br><br>**Defendants.** | **Civil Action No. 2009 CA 001113 B**<br>**Judge Holeman**<br>**Next event: Initial Conf.** |

**PRAECIPE OF DISMISSAL OF DEFENDANT PERSON & COVEY, INC. ONLY WITH PREJUDICE**

Pursuant to Rule 41, it is hereby stipulated by the undersigned, the attorneys of record in the above-titled action that any and all claims asserted by Plaintiff Isabelle Zimmerly Garcia in the above-entitled action are dismissed as to Defendant Person & Covey, Inc. with prejudice and without costs to either party as against the other. All claims against any remaining defendants remain open.

ISABELLE ZIMMERLY GARCIA

Dated: May 22, 2009

/s/ Aaron M. Levine

Aaron M. Levine (#7864)
Steven Lewis (#472564)
Brandon Levine
AARON M. LEVINE & ASSOCIATES
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
Telephone: 202-833-8040
*Counsel for Plaintiffs*

PERSON & COVEY, INC.

Dated: May 22, 2009

/s/ Sean C.E. McDonough
Sean C.E. McDonough (#438599)
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, VA 22314
Telephone: 703-739-3300
*Counsel for Person & Covey, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 22nd day of May 2009, I filed electronically a true and accurate copy of the foregoing via electronic service with the Clerk of Court which then served it electronically to all of the parties and counsel of record.

/s/ Sean C.E. McDonough____
Sean C.E. McDonough, Esquire

# EXHIBIT B

2009 CA 001113 B GARCIA, ISABELLE Z Vs. ELI LILLY AND COMPANY

| File Date | 02/23/2009 | Case Status | Open | Case Status Date | 02/23/2009 |
|---|---|---|---|---|---|
| | | Case Disposition | Undisposed | Case Disposition Date | |

## Party Information

| Party Name | Party Alias(es) | Party Type | Attorney(s) |
|---|---|---|---|
| GARCIA, ISABELLE Z | | PLAINTIFF | LEVINE, Mr AARON M |
| ELI LILLY AND COMPANY | | Defendant | COOTS, Mr JOHN C<br>MANGRUM, Ms MICHELLE R R<br>KLEIMAN, ERICKA L |
| ABBOTT LABORATORIES, INC | | Defendant | |
| AVENTIS PHARMACEUTICALS, INC. | | Defendant | |
| BRISTOL-MEYERS SQUIBB COMPANY | | Defendant | LEECH, Mr SIDNEY G |
| DART INDUSTRIES, INC | | Defendant | REILLY, Mr CRAIG C |
| ELAN PHARMACEUTICALS, INC. | | Defendant | LUSE, JAIME W |
| GLAXOSMITHKLINE | | Defendant | COLEMAN, JANET K |
| KREMERS-URBAN CO. | | Defendant | |
| MALLINCKRODT, INC | | Defendant | COLEMAN, JANET K |
| MERCK & CO., INC | | Defendant | MCMANUS, Mr MICHAEL J J<br>EWERT, Ms ELIZABETH |
| ORTHO-MCNEIL PHARMACEUTICALS | | Defendant | EWERT, Ms ELIZABETH |
| PERSON & COVEY, INC | | Defendant | |
| PREMO PHARMACEUTICAL LABORATORIES, INC | | Defendant | GOLDBERG, ERIC I |
| PHARMACIA AND UPJOHN COMPANY | | Defendant | EWERT, Ms ELIZABETH |

## Case Schedule

| Date | Start Time | Event Type |
|---|---|---|
| 05/29/2009 | 09:30 AM | Initial Scheduling Conference-60 |

## Docket Entries

| Date | Text |
|---|---|
| 05/18/2009 | Denial of Default Pursuant to Rule 55 (a). Notice Mailed ABBOTT LABORATORIES, INC (Defendant); AVENTIS PHARMACEUTICALS, INC. (Defendant); KREMERS-URBAN CO. (Defendant);Only |
| 04/29/2009 | (PRT)Dismissed Without Prejudice Pursuant to SCR 4(m). Notice Mailed PERSON & COVEY, INC (Defendant);Only |
| 04/17/2009 | Proof of Service Method : Service Issued Issued : 02/25/2009 Service : Summons Issued Served : 02/26/2009 Return : 04/17/2009 On : ABBOTT LABORATORIES, INC Signed By : K. Thomas Reason : Proof of Service Comment : Tracking #: 5000058257 |

04/17/2009 Affidavit of Service of Summons & Complaint by Mail on ABBOTT LABORATORIES, INC (Defendant);

04/17/2009 Proof of Service Method : Service Issued Issued : 02/25/2009 Service : Summons Issued Served : 02/26/2009 Return : 04/17/2009 On : AVENTIS PHARMACEUTICALS, INC. Signed By : Daquan Harris Reason : Proof of Service Comment : Tracking #: 5000058258

04/17/2009 Proof of Service Method : Service Issued Issued : 02/25/2009 Service : Summons Issued Served : 02/24/2009 Return : 04/17/2009 On : KREMERS-URBAN CO. Signed By : Nef Henricks Reason : Proof of Service Comment : Tracking #: 5000058263

04/17/2009 Affidavit of Service of Summons & Complaint by Mail on KREMERS-URBAN CO. (Defendant);

04/17/2009 Affidavit of Service of Summons & Complaint by Mail on AVENTIS PHARMACEUTICALS, INC. (Defendant);

03/17/2009 Defendant Premo Pharmaceutical Laboratories, Inc.'s Answer to Complaint Filed. submitted 03/17/2009 12:03. tw Attorney: GOLDBERG, ERIC I (494052) PREMO PHARMACEUTICAL LABORATORIES, INC (Defendant);

03/17/2009 Notice of Entry of Appearance Filed. submitted 03/17/2009 11:34. tw Attorney: LUSE, JAIME W (501944) ELAN PHARMACEUTICALS, INC. (Defendant);

03/17/2009 Notice of Entry of Appearance Filed. submitted 03/17/2009 11:31. tw Attorney: LUSE, JAIME W (501944) ELAN PHARMACEUTICALS, INC. (Defendant);

03/17/2009 Defendant Elan Pharmaceutical Inc.'s Rule 7.1 Disclosure Filed. submitted 03/17/2009 11:29. tw Attorney: LUSE, JAIME W (501944) ELAN PHARMACEUTICALS, INC. (Defendant);

03/17/2009 Defendant Elan Pharmaceutical Inc.'s Answer to Complaint Filed. submitted 03/17/2009 11:13. tw Attorney: LUSE, JAIME W (501944) ELAN PHARMACEUTICALS, INC. (Defendant);

03/17/2009 Defendant Premo Pharmaceutical Laboratories, Inc.'s Rule 7.1 Disclosure Statement Filed. Submitted 03/17/2009 12:04. ajm Attorney: GOLDBERG, ERIC I (494052) PREMO PHARMACEUTICAL LABORATORIES, INC (Defendant);

03/13/2009 Answer to Complaint Filed. Submitted 03/13/2009 16:47. ts. Attorney: LEECH, Mr SIDNEY G (359071) BRISTOL-MEYERS SQUIBB COMPANY (Defendant);

03/12/2009 Answer to Complaint. Filed. Submitted. 03/12/2009 10:26. ncv. Attorney: COLEMAN, JANET K. (497902) MALLINCKRODT, INC (Defendant);

03/12/2009 Rule 7.1 Disclosure Statement. Filed. Submitted. 03/12/2009 09:49. ncv. Attorney: COLEMAN, JANET K. (497902) GLAXOSMITHKLINE (Defendant);

03/12/2009 Answer to Complaint. Filed. Submitted. 03/12/2009 09:07. ncv. Attorney: COLEMAN, JANET K. (497902) GLAXOSMITHKLINE (Defendant);

03/12/2009 Rule 7.1 Disclosure Statement filed. Submitted 03/12/2009 10:28. ts. Attorney: COLEMAN, JANET K. (497902)

03/10/2009 Defendant Merck & Co., Inc.' s Certificate Required by Superior Court Civil Procedure Rule 7.1. Filed submitted 03/10/2009 17:42 wjw. Attorney: EWERT, Ms ELIZABETH (479368)

03/10/2009 Praecipe to Enter Appearance Elizabeth Ewert and Michael J. Mc Manus as Counsel Filed submitted 03/10/2009 17:40 wjw. Attorney: EWERT, Ms ELIZABETH (479368)

03/10/2009 Defendant Merck & CO., Inc.¿s Answer to Complaint Filed submitted 03/10/2009 17:36 wjw. Attorney: EWERT, Ms ELIZABETH (479368) MERCK & CO., INC (Defendant);

03/10/2009 Defendant Ortho-McNeil Pharmaceutical, Inc's Certificate Required by Superior court Civil Procedure rule 7.1 Filed submitted 03/10/2009 17:33 wjw.

03/10/2009 Praecipe to Enter Appearance of Elizabeth Ewert Filed submitted 03/10/2009 17:30 wjw.

03/10/2009 Defendant Ortho-McNeil Pharmaceutical, Inc.'s Answer to Complaint Filed submitted 03/10/2009 17:27 wjw. Attorney: EWERT, Ms ELIZABETH (479368) ORTHO-MCNEIL PHARMACEUTICALS (Defendant);

03/10/2009 Defendant Pharmacia & Upjohn Company LLC's Certificate Required by Superior Court Civil Procedure Rule 7.1. Filed. Submitted. 03/10/2009 17:55. ars. Attorney: EWERT, Ms ELIZABETH (479368) PHARMACIA AND UPJOHN COMPANY (Defendant);

03/10/2009 Praecipe to Enter Appearance. Filed. Submitted. 03/10/2009 17:52. ars. Attorney: EWERT, Ms ELIZABETH (479368) PHARMACIA AND UPJOHN COMPANY (Defendant);

03/10/2009 Rule 7.1 Disclosure Statement Filed. Submitted 03/10/2009 15:35. ajm Attorney: REILLY, Mr CRAIG C (383594) DART INDUSTRIES, INC (Defendant);

03/10/2009 Defendant Pharmacia & Upjohn Company LLC's Answer to Complaint. Filed. Submitted. 03/10/2009 17:47. ars. Attorney: EWERT, Ms ELIZABETH (479368) PHARMACIA AND UPJOHN COMPANY (Defendant);

03/10/2009 Answer of Defendant Dart Industries, Inc. to Complaint Filed. Submitted 03/10/2009 15:26. ajm Attorney: REILLY, Mr CRAIG C (383594) DART INDUSTRIES, INC (Defendant);

03/04/2009 Praecipe to Enter Appearance Filed. submitted 03/04/2009 10:58. tw Attorney: KLEIMAN, ERICKA L. (979666) ELI LILLY AND COMPANY (Defendant);

03/04/2009 Praecipe to Enter Appearance Filed. submitted 03/04/2009 10:56. tw Attorney: COOTS, Mr JOHN C (461979) ELI LILLY AND COMPANY (Defendant);

03/04/2009 Praecipe to Enter Appearance Filed. submitted 03/04/2009 10:54. tw Attorney: MANGRUM, Ms MICHELLE R R (473634) ELI LILLY AND COMPANY (Defendant);

03/03/2009 Praecipe to Enter Appearance of Ericka L. Kleiman as Counsel for the Defendant Eli Lilly and Company.

| | |
|---|---|
| | Filed. Submitted. 03/03/2009 16:11. ncv. Attorney: MANGRUM, Ms MICHELLE R R (473634) ELI LILLY AND COMPANY (Defendant); |
| 03/03/2009 | Praecipe to Enter Appearance of Ericka L. Kleiman as Counsel for the Defendant Eli Lilly Company. Filed. Submitted. 03/03/2009 16:09 ncv. Attorney: COOTS, Mr JOHN C (461979) ELI LILLY AND COMPANY (Defendant); |
| 03/03/2009 | Defendant Eli Lilly and Company's Disclosure of Corporate Affiliations and Financial Interests. Filed. Submitted. 03/03/2009 16:04. ncv. Attorney: KLEIMAN, ERICKA L. (979666) ELI LILLY AND COMPANY (Defendant); |
| 03/03/2009 | Answer to Complaint and Jury Demand. Filed. Submitted. 03/03/2009 16:01. ncv. Attorney: KLEIMAN, ERICKA L. (979666) ELI LILLY AND COMPANY (Defendant); |
| 03/03/2009 | Praecipe Notice of Appearance Filed. Submitted 03/03/2009 16:06. ts. Attorney: KLEIMAN, ERICKA L. (979666) |
| 02/25/2009 | Issue Date: 02/25/2009 Service: Summons Issued Method: Service Issued Cost Per: $ ELI LILLY AND COMPANY 1090 Vermont Avenue NW #910 WASHINGTON, DC 20005 Tracking No: 5000058256 ABBOTT LABORATORIES, INC 100 Abbott Park Road Abbott Park, IL 60064 Tracking No: 5000058257 AVENTIS PHARMACEUTICALS, INC. 55 Corporate Drive BRIDGEWATER, NJ 08807 Tracking No: 5000058258 BRISTOL-MEYERS SQUIBB COMPANY PO Box 4500 PRINCETON, NJ 08543 Tracking No: 5000058259 DART INDUSTRIES, INC 31 Brookside Drive GREENWICH, CT 06836 Tracking No: 5000058260 ELAN PHARMACEUTICALS, INC. 160 Greentree Drive Suite 101 DOVER, DE 19904 Tracking No: 5000058261 GLAXOSMITHKLINE 1500 K Street NW WASHINGTON, DC 20036 Tracking No: 5000058262 KREMERS-URBAN CO. 1120 20th Street NW Ste 300-South WASHINGTON, DC 20036 Tracking No: 5000058263 MALLINCKRODT, INC 675 McDonald Blvd St. Louis, MO 63042 Tracking No: 5000058264 MERCK & CO., INC PO BOX 4 WEST POINT, PA 19486 Tracking No: 5000058265 ORTHO-MCNEIL PHARMACEUTICALS 1000 U.S. Highway 202 RARITAN, NJ 08869 Tracking No: 5000058266 PERSON & COVEY, INC 616 Allen Avenue Glendale, CA 91221 Tracking No: 5000058267 PREMO PHARMACEUTICAL LABORATORIES, INC 820 Bear Tavern Road WEST TRENTON, NJ 08628 Tracking No: 5000058268 PHARMACIA AND UPJOHN COMPANY 100 Routh 206 North PEAPACK, NJ 07977 Tracking No: 5000058269 |
| 02/23/2009 | Event Scheduled Event: Initial Scheduling Conference-60 Date: 05/29/2009 Time: 9:30 am Judge: HOLEMAN, BRIAN F Location: Courtroom A-49 |

## Financial Entries

| Receipt # | Date | Received From | Amount Paid |
|---|---|---|---|
| 127182 | 02/23/2009 | LEVINE, Mr AARON M | 120.00 |

| Payment | | Fee | |
|---|---|---|---|
| Check | 120.00 | Cost | 120.00 |

# EXHIBIT C

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ISABELLE ZIMMERLY GARCIA,** <br> **Plaintiff,** <br> vs. <br> **ELI LILLY AND COMPANY, et al.,** <br> **Defendants.** | **Civil Action No.:** ____________ |

**DEFENDANT ABBOTT LABORATORIES' CONSENT TO REMOVAL**

Defendant Abbott Laboratories, with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 2009 CA 001113 B), to this Court.

/s/ Jennifer Gardner Levy (by permission)
Jennifer Gardner Levy
Kirkland & Ellis
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C. 20005
Telephone: 202-879-5000
Facsimile: 202-879-5200

**ATTORNEYS FOR DEFENDANT ABBOTT LABORATORIES**

# EXHIBIT D

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ISABELLE ZIMMERLY GARCIA,** | ) | |
| **Plaintiff,** | ) | **Civil Action No.:** ____________ |
| **vs.** | ) | |
| **ELI LILLY AND COMPANY, et al.,** | ) | |
| **Defendants.** | ) | |

**DEFENDANT AVENTIS' CONSENT TO REMOVAL**

Defendant Aventis Pharmaceuticals, Inc., f/k/a Rhone-Poulenc Rorer Pharmaceuticals, Inc., a successor in interest to William H. Rorer, Inc., ("Aventis"), with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 2009 CA 001113 B), to this Court.

/s/ William David Sanders (by permission)

William David Sanders
McGivney & Kluger, P.C.
23 Vreeland Avenue, Suite 220
Florham Park, NJ 07932
Telephone: 973-822-1110
Facsimile: 973-822-1116

**ATTORNEYS FOR DEFENDANT AVENTIS PHARMACEUTICALS, INC., F/K/A RHONE-POULENC RORER PHARMACEUTICALS, INC., A SUCCESSOR IN INTEREST TO WILLIAM H. RORER, INC.**

# EXHIBIT E

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ISABELLE ZIMMERLY GARCIA,** | ) | |
| **Plaintiff,** | ) | **Civil Action No.: ____________** |
| **vs.** | ) | |
| **ELI LILLY AND COMPANY, et al.,** | ) | |
| **Defendants.** | ) | |

**DEFENDANT BRISTOL MYERS SQUIBB COMPANY'S CONSENT TO REMOVAL**

Defendant Bristol Myers Squibb Company, with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 2009 CA 001113 B), to this Court.

/s/ Sidney G. Leech (by permission)

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
Telephone: 410-783-4000
Facsimile: 410-783-4040

**ATTORNEYS FOR DEFENDANT**
**BRISTOL MYERS SQUIBB COMPANY**

# EXHIBIT F

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| ISABELLE ZIMMERLY GARCIA, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 2009 CA 001113 B |
| ELI LILLY & COMPANY, et al. | * | Judge: Hon. Brian F. Holeman |
| Defendants. | * | |
| | * | |
| | * | |

* * * * * * * * * * *

**PRAECIPE OF DISMISSAL WITH PREJUDICE**

Mr. Clerk:

Please be advised that Plaintiff, acting through her counsel, Aaron M. Levine & Associates, P.A., and Defendant, Bristol-Myers Squibb Company, acting through its attorneys, Sidney G. Leech and Goodell, DeVries, Leech & Dann, LLP, have reached a settlement agreement in the above-captioned case. These parties agree to the dismissal "with prejudice" of the above-captioned case as to Bristol-Myers Squibb Company only.

Aaron Levine /ss

Aaron M. Levine
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
202-833-8040
***Attorneys for Plaintiff***

Sidney G. Leech
D.C. Bar No.: 359071
Goodell, DeVries, Leech & Dann, LLP
Baltimore, Maryland 21202
410-783-4000
***Attorneys for Defendant Bristol-Myers Squibb Company***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of May, 2009, a copy of the Praecipe of Dismissal With Prejudice was filed electronically via CaseFileXpress and that copies were sent electronically to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036; ***Attorney for Plaintiff***

Michelle R. Mangrum, Esquire
John Chadwick Coots, Esquire
Ericka L. Downie, Esquire
Shook Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004

Jonathan Gregor, Esquire
Shook Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, MO 64109; ***Attorneys for Defendant Eli Lilly & Company***

Elizabeth Ewert, Esquire
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209; ***Attorneys for Pharmacia and Upjohn Company; Merck & Company; Ortho-McNeil Pharmaceuticals***

Craig C. Reilly, Esquire
111 Oronoco Street
Alexandria, VA 22314; ***Attorneys for Dart Industries, Inc.***

Janet Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204; ***Attorneys for GlaxoSmithKline, Inc. and Mallinckrodt, Inc.***

Eric Goldberg, Esquire
Goodwin Proctor, LLP
911 New York Avenue, Suite 900
Washington, D.C. 20001 ; ***Attorneys for Premo Pharmaceutical Laboratories, Inc.***

David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314; ***Attorneys for Person & Covey, Inc.***

Jennifer Gardner Levy, Esquire
Kirkland & Ellis
655 15th Street, N.W.
Washington, D.C. 20005-5793; ***Attorneys for Abbott Laboratories, Inc.***

Robert N. Kelly, Esquire
Jackson & Campbell, PC
1120 20th Street, N.W., Suite 300-South
Washington, D.C. 20036***; Attorneys for Kremers-Urban Co.***

Jaime W. Luse, Esquire
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202; ***Attorneys for Carnrick Laboratories, Inc. n/k/a/ Elan Pharmaceuticals***

William D. Sanders, Esquire
McGivney & Kluger, P.C.
23 Vreeland Road, Suite 200
Florham Park, New Jersey 07932***; Attorneys for Sanofi Aventis***

Sidney G. Leech

# EXHIBIT G

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ISABELLE ZIMMERLY GARCIA,** | ) |
| **Plaintiff,** | ) **Civil Action No.:** ____________ |
| **vs.** | ) |
| **ELI LILLY AND COMPANY, et al.,** | ) |
| **Defendants.** | ) |

**DEFENDANT DART INDUSTRIES, INC.'S CONSENT TO REMOVAL**

Defendant Dart Industries, Inc., with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 2009 CA 001113 B), to this Court.

/s/ Craig C. Reilly (by permission)
Craig C. Reilly
111 Oronoco Street
Alexandria, VA 2234
Telephone: 703-549-5354
Facsimile: 703-549-2604

**ATTORNEYS FOR DEFENDANT DART INDUSTRIES, INC.**

# EXHIBIT H

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ISABELLE ZIMMERLY GARCIA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**ELI LILLY AND COMPANY, et al.,**<br><br>**Defendants.** | **Civil Action No.:** ___________ |

## DEFENDANT ELAN PHARMACEUTICALS' CONSENT TO REMOVAL

Defendant Elan Pharmaceuticals, with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 2009 CA 001113 B), to this Court.

/s/ John Isbister (by permission)

John Isbister
Jaime Luse
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
Telephone: 410-752-9700
Facsimile: 410-727-5460

**ATTORNEYS FOR DEFENDANT**
**ELAN PHARMACEUTICALS**

# EXHIBIT I

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ISABELLE ZIMMERLY GARCIA,** <br> **Plaintiff,** <br> **vs.** <br> **ELI LILLY AND COMPANY, et al.,** <br> **Defendants.** | **Civil Action No.:** ____________ |

## DEFENDANT GLAXOSMITHKLINE'S CONSENT TO REMOVAL

Defendant GlaxoSmithKline, with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 2009 CA 001113 B), to this Court.

/s/ Janet K. Coleman (by permission)
Janet K. Coleman
Whitney & Bogris, L.L.P.
401 Washington Avenue, 12th Floor
Towson, MD 21204
Telephone: 410-583-8000
Facsimile: 800-893-1239

**ATTORNEYS FOR DEFENDANT GLAXOSMITHKLINE**

# EXHIBIT J

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ISABELLE ZIMMERLY GARCIA,** | ) |
| **Plaintiff,** | ) **Civil Action No.:** ____________ |
| **vs.** | ) |
| **ELI LILLY AND COMPANY, et al.,** | ) |
| **Defendants.** | ) |

**DEFENDANT KREMERS-URBAN CO.'S CONSENT TO REMOVAL**

Defendant Kremers-Urban Co., with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 2009 CA 001113 B), to this Court.

/s/ Robert M. Kelly (by permission)
Robert M. Kelly
Jackson & Campbell, P.C.
1120 20th St., N.W., Suite 300-South
Washington, D.C. 20036
Telephone: 202-457-1600
Facsimile: 202-457-1678

**ATTORNEYS FOR DEFENDANT KREMERS-URBAN CO.**

# EXHIBIT K

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ISABELLE ZIMMERLY GARCIA,** | ) | |
| **Plaintiff,** | ) | **Civil Action No.:** ____________ |
| **vs.** | ) | |
| **ELI LILLY AND COMPANY, et al.,** | ) | |
| **Defendants.** | ) | |

**DEFENDANT MALLINCKRODT, INC.'S CONSENT TO REMOVAL**

Defendant Mallinckrodt, Inc., with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 2009 CA 001113 B), to this Court.

/s/ Janet K. Coleman (by permission)
Janet K. Coleman
Whitney & Bogris, L.L.P.
401 Washington Avenue, 12th Floor
Towson, MD 21204
Telephone: 410-583-8000
Facsimile: 800-893-1239

**ATTORNEYS FOR DEFENDANT MALLINCKRODT, INC.**

# EXHIBIT L

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ISABELLE ZIMMERLY GARCIA,** | ) | |
| **Plaintiff,** | ) | **Civil Action No.: ____________** |
| **vs.** | ) | |
| **ELI LILLY AND COMPANY, et al.,** | ) | |
| **Defendants.** | ) | |

**DEFENDANT MERCK & COMPANY'S CONSENT TO REMOVAL**

Defendant Merck & Company, with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 2009 CA 001113 B), to this Court.

/s/ Elizabeth Ewert (by permission)
Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street N.W., Suite 1100
Washington, D.C. 20005
Telephone: 202-842-8800
Facsimile: 202-842-8465

**ATTORNEYS FOR DEFENDANT MERCK & COMPANY**

3467287v1

# EXHIBIT M

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ISABELLE ZIMMERLY GARCIA,** | ) |
| **Plaintiff,** | ) **Civil Action No.:** ____________ |
| **vs.** | ) |
| **ELI LILLY AND COMPANY, et al.,** | ) |
| **Defendants.** | ) |

**DEFENDANT ORTHO-MCNEIL PHARMACEUTICALS, INC.'S**
**CONSENT TO REMOVAL**

Defendant Ortho-McNeil Pharmaceuticals, Inc., with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 2009 CA 001113 B), to this Court.

/s/ Elizabeth Ewert (by permission)
Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street N.W., Suite 1100
Washington, D.C. 20005
Telephone: 202-842-8800
Facsimile: 202-842-8465

**ATTORNEYS FOR DEFENDANT**
**ORTHO-MCNEIL PHARMACEUTICALS, INC.**

# EXHIBIT N

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ISABELLE ZIMMERLY GARCIA,** | ) | |
| **Plaintiff,** | ) | **Civil Action No.:** ___________ |
| **vs.** | ) | |
| **ELI LILLY AND COMPANY, et al.,** | ) | |
| **Defendants.** | ) | |

**DEFENDANT PREMO PHARMACEUTICAL LABORATORIES, INC.'S**
**CONSENT TO REMOVAL**

Defendant Premo Pharmaceutical Laboratories, Inc., with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 2009 CA 001113 B), to this Court.

/s/ Eric I. Goldberg (by permission)
Eric I. Goldberg
Goodwin & Proctor, LLP
901 New York Avenue, N.W., Suite 900
Washington, D.C. 20001
Telephone: 202-346-4000
Facsimile: 202-346-4444

**ATTORNEYS FOR DEFENDANT PREMO PHARMACEUTICAL LABORATORIES, INC.**

# EXHIBIT O

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ISABELLE ZIMMERLY GARCIA,** | ) | |
| **Plaintiff,** | ) | **Civil Action No.:** ____________ |
| **vs.** | ) | |
| **ELI LILLY AND COMPANY, et al.,** | ) | |
| **Defendants.** | ) | |

**DEFENDANT PHARMACIA AND UPJOHN COMPANY'S CONSENT TO REMOVAL**

Defendant Pharmacia and Upjohn Company, with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 2009 CA 001113 B), to this Court.

/s/ Elizabeth Ewert (by permission)
Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street N.W., Suite 1100
Washington, D.C. 20005
Telephone: 202-842-8800
Facsimile: 202-842-8465

**ATTORNEYS FOR DEFENDANT**
**PHARMACIA AND UPJOHN COMPANY**

# EXHIBIT P

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **ISABELLE ZIMMERLY GARCIA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ELI LILLY AND COMPANY, et al.,**<br><br>**Defendants.** | **Civil Action No. 2009 CA 001113 B**<br><br>**Judge Brian F. Holeman**<br><br>**Next Scheduled Event:**<br>**Initial Scheduling Conference, May 29, 2009** |

# NOTICE OF REMOVAL TO FEDERAL COURT

TO: THE CLERK OF THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA, CIVIL DIVISION

PLEASE TAKE NOTICE that on the 28th day of May, 2009, Defendant Eli Lilly and Company filed in the United States District Court for the District of Columbia a Notice of Removal of the above styled action. A true copy of such Notice of Removal is attached hereto as Exhibit "1" and is incorporated herein by reference.

Pursuant to 28 U.S.C. Section 1446(d), the filing of the attached Notice of Removal has effected the removal of the above styled action, and the Superior Court of the District of Columbia, Civil Division, should proceed no further unless and until this case is remanded.

Respectfully submitted,

SHOOK, HARDY & BACON, L.L.P.

/s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Ericka L. Downie, D.C. Bar No. 979666
SHOOK, HARDY & BACON, L.L.P.
1155 F Street, N.W., Suite 200
Washington, DC 20004
Phone: (202) 783-8400
Fax: (202) 783-4211

**ATTORNEYS FOR DEFENDANT**
**ELI LILLY AND COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2009, I caused the following documents:

DEFENDANT ELI LILLY AND COMPANY'S NOTICE OF REMOVAL TO FEDERAL COURT AND EXHIBIT 1

CERTIFICATE OF SERVICE

to be filed electronically with the Clerk of the Court through the Court's e-filing service, CaseFileXpress, and that such e-filing service will send an e-notice of electronic filing to the e-filing participants in this matter:

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb Company**

Jennifer Gardner Levy
Kirkland & Ellis
655 Fifteenth Street, N.W., Suite 1200
Washington, DC 20005
**Attorneys for Abbott Laboratories**

Craig C. Reilly
111 Oronoco Street
Alexandria, VA 22314
**Attorneys for Dart Industries, Inc.**

Eric I. Goldberg
Goodwin & Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

Janet K. Coleman
Whitney & Bogris, L.L.P.
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline and Mallinckrodt, Inc.**

John Isbister
Jaime Luse
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals**

Robert M. Kelly
Jackson & Campbell, P.C.
1120 20th Street, N.W., Suite 300-South
Washington, D.C. 20036
**Attorney for Defendant Kremers-Urban Co.**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Merck & Company, Pharmacia and Upjohn Company and Ortho-McNeil Pharmaceuticals, Inc.**

Sean C.E. McDonough
David D. Hudgins
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

I further certify that I caused true and accurate copies of the above listed documents to be mailed on May 28, 2009, by first-class mail, postage paid, to the following counsel of record who are not registered for e-filing:

William David Sanders
McGivney & Kluger, P.C.
23 Vreeland Avenue, Suite 220
Florham Park, NJ 07932
**Attorneys for Sanofi Aventis**

/s/ John Chadwick Coots
**ATTORNEY FOR DEFENDANT ELI LILLY AND COMPANY**